JS-44 (Rev. 11-04)

# CIVIL COVER SHEET

APPENDIX

09 1551

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
James Dickerson

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Prochniak Weisberg, PC  610-690-0801
7 S. Morton Ave, Morton PA 19070

## DEFENDANTS
DeSimone, Inc

County of Residence of First Listed Defendant: Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question (U.S. Government Not a Party)
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / PERSONAL PROPERTY ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | [x] 440 Other Civil Rights / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 149,999.99
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

APR 13 2009

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

James Dickerson                                :      CIVIL ACTION

v.                                             :

DeSimone, Inc.                                 :      NO. 09-1551

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

_____    Matthew B. Weisberg      Plaintiff(s)
Date               Attorney-at-law           Attorney for

610-690-0801       610-690-0880              MWeisberg@prwlaw.com
Telephone          FAX Number                E-Mail Address

(Civ. 660) 10/02                                               APR 13

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 430 W. Manheim St Apt #45A Phila, PA 19144
Address of Defendant: 6101 Frankford Ave. Phila, PA 19153
Place of Accident, Incident or Transaction: Eastern District
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☐
Unknown

Does this case involve multidistrict litigation possibilities? Yes☐ No☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*
I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
             Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    _____    65570          APR 13 2009
             Attorney-at-Law                Attorney I.D.#

CIV. 609 (4/03)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A) _____

as (B) _____ of (C) _____

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) _____ District of _____ and has been assigned docket number (E) **09    1551**

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of _____

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

---

A – Name of individual defendant (or name of officer or agent of corporate defendant)
B – Title, or other relationship of individual to corporate defendant
C – Name of corporate defendant, if any
D – District
E – Docket number of action
F – Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

%AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of _____,
(CAPTION OF ACTION)

which is case number _____09-1551_____ in the United States District Court
(DOCKET NUMBER)

for the _____ District of _____.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _____,
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

_____        _____
(DATE)                     (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
   (TITLE)             (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James Dickerson<br>430 W. Manheim Street, Apt. #45A<br>Philadelphia, PA 19144<br>          Plaintiff,<br>v.<br><br>DeSimone, Inc. d/b/a<br>DeSimone Auto Group<br>6101 Frankford Avenue<br>Philadelphia, PA 19153<br><br>And<br><br>Randy Foreman d/b/a<br>De Simone Auto Group<br>6101 Frankford Avenue<br>Philadelphia, PA 19153<br><br>And<br><br>Anthony Weiss d/b/a<br>DeSimone Auto Group<br>6101 Frankford Avenue<br>Philadelphia, PA 19153<br><br>And<br><br>John Does 1-10<br>          Defendants. | CIVIL ACTION NO.:<br><br>**09 1551**<br><br>**FILED**<br>APR 1 3 2009<br>MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk<br><br>JURY OF TWELVE (12) JURORS DEMANDED |

## CIVIL ACTION COMPLAINT

### I.  Preliminary Statement

1.  This is an action for an award of attorney's fees and costs, actual, statutory, treble and punitive damages, also seeking equitable and other relief, brought under state and federal law, for Defendants' "Yo-Yo," unfair and deceptive acts and practices ("UDAP"), conspiracy and/or aiding and abetting same, fraud, misrepresentation, and violation of Plaintiff's civil rights under 42 U.S.C § 1983, et seq.

2. Defendants unfairly and deceptively offered Plaintiff a truck financed with no money down, ultimately reneging on that agreement and causing Plaintiff's arrest. Individually, jointly and/or severally, Defendants are liable to Plaintiff for, but not limited to, the below causes of action and aforesaid remedies, for the reasons stated, which reasons are currently known, upon information and/or belief, and/or will be proven in discovery and/or at trial.

## II. Jurisdiction and Venue

3. Jurisdiction in this Honorable Court is based on federal question and/or diversity conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 USC §1367.

4. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the property and/or mortgage which is the subject of this action is situated within this district.

## III. Parties

5. Plaintiff, James Dickerson, is an adult individual, currently residing at the above captioned address.

6. Defendant, DeSimone, Inc., doing business as DeSimone Auto Group ("DeSimone"), is a business corporation, duly licensed and registered under the laws of the Commonwealth of Pennsylvania with a principal place of business at the above captioned address.

7. Defendant, Randy Foreman, is an adult individual who at all times material served as general manager of DeSimone and at all times material acting in the course and scope of his employment, as an agent, servant and employee for said Defendant at the above-captioned

address, who made some of the below mentioned fraudulent and misrepresentative statements to Plaintiff.

8. Defendant, Anthony Weiss, is an adult individual who at all times material served as a sales representative of DeSimone and at all times material acting in the course and scope of his employment, as an agent, servant, and employee for said Defendant at the above-captioned address, who made some of the below mentioned fraudulent and misrepresentative statements to Plaintiff.

9. Defendants, John Does 1-10, were and/or are an individual at all times material acting in the course and scope of their employment at DeSimone, as an agent, servant and employee for said Defendant at the above-captioned address.

### IV. Statement of Claims

10. On or about January 12, 2008, Plaintiff received a call from a representative of Defendant, DeSimone's, finance department informing Plaintiff that he was pre-approved for a vehicle of his choice.

11. During that call, Plaintiff was advised that a loan to finance a vehicle with no money down was already secured on his behalf by Defendant, DeSimone.

12. The caller instructed Plaintiff to bring proof of income and a utility bill indicating his address to Defendant, DeSimone.

13. On or around January 12, 2008, Plaintiff went to Defendant, DeSimone and purchased a 2004 Chevy Silverado ("Silverado") for a purchase price of $16,383.05, after being told that he was pre-approved for a no money down purchase loan.

14. Plaintiff's belief was based upon a thank you letter received on or around January 14, 2008, signed by Defendant, Weiss.

15. Upon return to his home with the Silverado, Plaintiff installed a large toolbox in the bed of the truck and removed the spinning rims that were installed on the truck replacing them with better quality rims.

16. On or around January 17, 2008, Defendant, Weiss called Plaintiff at home and asked him if he had $1,500.00 to pay toward the purchase price of the Silverado.

17. When Plaintiff responded that he did not, Defendant, Weiss then asked Plaintiff if he had $1,000.00.

18. Plaintiff was under the impression that the amounts requested by Defendant, Weiss, were to be applied to the first monthly installment payment on the Silverado.

19. Plaintiff informed Defendant, Weiss, that Plaintiff would need to contact his credit union for a cash advance, as Plaintiff was led to believe at that time that he would be paying the first installment payment toward the purchase price of the Silverado.

20. At or around that time, Plaintiff began receiving notices of rejection for various auto loans applied for in his name by Defendant, DeSimone.

21. The letters from the financial institutions stated their reasons for rejecting the loan requests made in Plaintiff's name as being due to the fact that the requests were for a greater amount than the value of the Silverado.

22. On or around January 21, 2008, Plaintiff believed that Defendant, DeSimone had failed to secure financing on his behalf.

23. Upon information and belief, Plaintiff later discovered that Defendant, DeSimone, had, in fact, financed Plaintiff itself but Defendant's attempt to sell that loan to another lender for a profit to Defendant was unsuccessful.

24. On or around January 22, 2008, Plaintiff returned with the Silverado to Defendant, DeSimone, in order to voluntarily return it.

25. Prior to returning the Silverado to Defendant, DeSimone, Plaintiff removed his toolbox from the truck bed but forgot to replace the original rims.

26. On that date, Defendant, Foreman, called Plaintiff angrily accusing Plaintiff of vandalizing "his [Defendant, DeSimone's] Silverado," threatening to have Plaintiff arrested.

27. On or around January 24, 2008, at the behest of Defendants, Plaintiff was arrested at his home by officers of the Philadelphia Police Department, who advised Plaintiff that he was under arrest for theft in regard to his replacement of the rims on the Silverado.

28. Plaintiff showed the officers his sale paperwork for the Silverado and the rims, but the officers completed the arrest.

29. On or around January 25, 2008, after spending the night confined in the Philadelphia Police Department's central lockup, Plaintiff was charged with one Count each of Theft by Unlawful Taking and Receiving Stolen Property.

30. On that date, Plaintiff was released on his own recognizance after a preliminary arraignment, and an arraignment and preliminary hearing were set on or about February 1, 2008, at the Philadelphia Police Department's 8th District, before the Honorable Teresa Carr Deni of the Philadelphia Municipal Court.

31. That hearing was ultimately continued to April 25, 2008, before the Honorable Patrick F. Dugan of the Philadelphia Municipal Court.

32. Plaintiff was represented throughout the criminal proceeding by the Philadelphia Defender's Office.

33. On or around April 25, 2008, Plaintiff appeared at his preliminary hearing at the 8th District, at which Defendant, Foreman, appeared to testify.

34. At that hearing, Defendant, Foreman, testified that he turned over possession of the Silverado to Plaintiff solely so that Plaintiff could go and get his own financing.

35. At that hearing, Judge Dugan Ordered Plaintiff to be tried on both criminal charges in the Philadelphia Court of Common Pleas.

36. At that hearing, Plaintiff's case was scheduled to be tried on August 6, 2008.

37. On or around August 6, 2008, Plaintiff appeared in court but the trial was continued for lack of preparation by the Commonwealth, to September 16, 2008.

38. On or around September 16, 2008, the trial was continued once again, this time to October 15, 2008.

39. On or around October 15, 2008, Plaintiff appeared in court but the trial was continued yet again to December 23, 2008.

40. On or around December 23, 2008, Plaintiff appeared before the Honorable Michael Erdos of the Philadelphia Court of Common Pleas; Plaintiff requested a jury trial.

41. Jury selection was to begin on January 6, 2009.

42. On or about January 6, 2009, the Honorable Gwendolyn N. Bright of the Philadelphia Court of Common Pleas Ordered both charges nolle prossed upon request of the Philadelphia District Attorney's office, thus ending the criminal proceeding in favor of Plaintiff.

V. **Causes of Action**

### COUNT I
### Unfair Trade Practices and Consumer Protection Law ("UTPCPL")

43. Paragraphs 1-42 are incorporated by reference as if fully set forth at length herein.

44. The UTPCPL proscribes, *inter alia*, engaging in any "unfair or deceptive acts and practices" either at, prior to, or subsequent to a consumer transaction.

45. The actions of Defendants constitute unfair or deceptive acts and practices under UTPCPL, additionally including, but not limited to the following, *inter alia*:

> a. Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of services, §201-2(4)(ii);
>
> b. Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another, §201-2(4)(iii);
>
> c. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that person does not have, §201-2(4)(v);
>
> d. Advertising goods or services with intent not to sell them as advertised, §201-2(4)(ix);
>
> e. Failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract forthe purchase of goods or services is made, §201-2(4)(xiv);
>
> f. Defendants misrepresented to Plaintiffs the character, extent, or amount of the debt or its status in a legal proceeding, 73 P.S. §201-3.1; 37 Pa. Code §303.3(3);
>
> g. Defendants engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding, 73 P.S. §201-2(xxi);
>
> h. Defendants imposed credit costs expressly prohibited by Federal and Pennsylvania law, and failed to comply with §1983, ECOA, CSA, and the FCEUA, which are per se violations of the UTPCPL;

  i. Defendants misrepresented to Plaintiffs that the loan would be beneficial when in fact it was not; and Defendants knew it was not, 79 P.S. §202-1(v);

  j. Defendants misrepresented the characteristics or benefits of the loan; or

  k. Failing to provide a contract in the form required specifically including a lawful and accurate notice of right to cancel, §201-7.

## COUNT II
### Motor Vehicle Sales Finance Act ("MVSFA")

49. At all times material, Defendants were in violation of the MVSFA, 61 P.S. §601, et seq., including the foregoing (incorporated by reference).

## COUNT III
### Equal Credit Opportunity Act ("ECOA")

50. At all times material, Defendants were in violation of ECOA, 15 U.S.C. §1694(e), et seq., including but not limited to Defendants' failing to report to Plaintiff the adverse action of its making and then rescinding the loan.

## COUNT IV
### Fraud/Fraudulent Misrepresentation

51. Defendants misrepresented and/or omitted material facts to Plaintiff, including the aforesaid (incorporated herein by reference) and as more further described as following but not limited to: (a) that Defendants had not secured financing on Plaintiff's behalf, when they had; and (b) knowingly and maliciously falsely accusing Plaintiff of a crime and related misuse of the Philadelphia Police Department and court system when Plaintiff had, in fact, committed no criminal offense.

52. The aforesaid misrepresentations and/or omissions were made in an attempt to procure pecuniary gain from a security interest in the Silverado, monetary consideration from the Plaintiff, and/or otherwise from the proceeds of the loan.

53. As the intended result of the aforesaid fraud, Plaintiff reasonably relied upon said misrepresentations and/or omissions to his detriment.

## COUNT V
### Abuse of Process

55. For the aforesaid, Defendants committed an abuse of process.

56. The filing of the Underlying Action was intentional, wanton, malicious and with reckless disregard of the rights of Plaintiff.

## COUNT VI
### Malicious Prosecution

57. Defendants initiated a criminal proceeding against the plaintiff; the criminal proceeding ended in the plaintiff's favor; the proceeding was initiated without probable cause; the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding.

58. Here, Defendant, Foreman, filed a criminal complaint against Plaintiff; the charges were nolle prossed and thus concluded in Plaintiff's favor; there was no probable cause to initiate the criminal proceeding against Plaintiff; Defendant Foreman acted maliciously and for the purpose of attempting to intimidate Plaintiff into paying for the Silverado; and Plaintiff spent a night in jail, which constitutes a seizure.

## COUNT VII
### Violation of Civil Rights

59. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as fully as if set forth in their entirety.

60. To perpetuate their misconduct, Defendants clothed themselves with color of state authority through the use of the Philadelphia Police Department, Municipal Court, and Court of Common Pleas.

61. The Police Department and Courts are state actors per 42 U.S.C. §1983, et seq.

62. Defendants' willful, reckless and malicious actions were made in an effort to deprive Plaintiff of his rights as set forth above and pursuant to U.S. Const. Amend. I, IV, V and XIV.

## VI.    Prayer for Relief

**WHEREFORE**, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and severally, in an amount in excess of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

       a. Statutory damages;
       b. Forfeiture and return of any loan proceeds or other monies paid to Defendants by Plaintiff;
       c. Damages, including;
           i. Actual damages;
           ii. Treble & punitive damages; and
           iii. Attorneys' fees and expenses, and costs of suit.
       d. equitable relief.

PROCHNIAK WEISBERG, P.C.

/s/Matthew B. Weisberg
MATTHEW B. WEISBERG
ISAAC F. SLEPNER
Attorneys for Plaintiff