IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JAMES DICKERSON

        *Plaintiff,*

      vs.

DESIMONE, INC. d/b/a DESIMONE AUTO
GROUP, RANDY FOREMAN d/b/a DESIMONE
AUTO GROUP, ANTHONY WEISS d/b/a
DESIMONE AUTO GROUP

        *Defendants.*

      CIVIL ACTION NO.09-1551

: : : : : : : : : : : : :

## ENTRY OF APPEARANCE

To Michael Kunz, Clerk of Court:

    Kindly enter my appearance on behalf of Defendant, DeSimone, Inc., d/b/a DeSimone

Auto group, in the above captioned matter.

GERSON, CAPEK & VORON

BY: _____

RICHARD L. GERSON, ESQUIRE
IDENTIFICATION NO. 08759
NICOLE GERSON, ESQUIRE
IDENTIFICATION NO. 76186

**Attorneys for Defendant**

GERSON, CAPEK & VORON
1420 Walnut Street, Suite 300
Philadelphia, PA 19102
(215) 985-0700

Dated: May 21, 2009

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES DICKERSON               : | CIVIL ACTION NO.09-1551 |
| *Plaintiff,*          : | |
| vs.          : | |
|          : | |
| DESIMONE, INC. d/b/a DESIMONE AUTO    : | |
| GROUP, RANDY FOREMAN d/b/a DESIMONE   : | |
| AUTO GROUP, ANTHONY WEISS d/b/a      : | |
| DESIMONE AUTO GROUP             : | |
|          : | |
| *Defendants.*         : | |

## O R D E R

AND NOW, this        day of             , 2009, upon consideration of the

Defendant's, DeSimone, Inc., Motion to Dismiss the Complaint, and any response thereto, it is

hereby ORDERED and DECREED that said Motion is granted. This Complaint is DISMISSED for

failure to bring the suit pursuant to the Arbitration Agreement. Further, Counts I (Unfair Trade

Practices Act) , IV (Fraud), V (Abuse of Process), and VI (Malicious Prosecution) of Plaintiffs'

Complaint are DISMISSED; Plaintiff's claims for attorneys fees and costs, punitive damages, treble

damages, equitable relief, and forfeiture and return of any loan proceeds or other monies paid to

Defendants by Plaintiff are DISMISSED; and Plaintiff is ORDERED to provide a more definite

statement of his claims in Counts II (Motor Vehicle Sales Financing Act) and III (Equal Credit

Opportunity Act) in an amended Complaint.

**BY THE COURT:**

_____
                                                **J.**

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JAMES DICKERSON | : | CIVIL ACTION NO.09-1551 |
| *Plaintiff,* | : | |
| vs. | : | |
| DESIMONE, INC. d/b/a DESIMONE AUTO GROUP, RANDY FOREMAN d/b/a DESIMONE AUTO GROUP, ANTHONY WEISS d/b/a DESIMONE AUTO GROUP | : | |
| *Defendants.* | : | |

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(1),12(b)(6) and 12(e), Defendant,

DeSimone, Inc., hereby moves to dismiss the Complaint of Plaintiff, James Dickerson, for the

reasons set forth in the attached Memorandum of Law, which is incorporated herein by reference.

**GERSON, CAPEK & VORON**

By: _____

**RICHARD L. GERSON, ESQUIRE**
**Attorney for Defendants**
**IDENTIFICATION NO.  08759**

**GERSON, CAPEK & VORON**
**1420 Walnut Street**
**Suite 300**
**Philadelphia, PA 19102**
**(215)985-0700**

Dated: 5/21/09

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES DICKERSON | : | CIVIL ACTION NO.09-1551 MAM |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| vs. | : | |
| | : | |
| DESIMONE, INC. d/b/a DESIMONE AUTO | : | |
| GROUP, RANDY FOREMAN d/b/a DESIMONE | : | |
| AUTO GROUP, ANTHONY WEISS d/b/a | : | |
| DESIMONE AUTO GROUP | : | |
| | : | |
| *Defendants.* | : | |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S, DESIMONE'S, MOTION TO DISMISS

**I     INTRODUCTION:**

On January 12, 2008, Plaintiff went to Defendant, DeSimone, Inc., to purchase a car.  He wanted to purchase a 2004 Chevy Silverado for $16,383.05.  The Silverado came with specialized tires and chrome alloy spinning wheel rims.  Based upon information provided by Plaintiff, he was preliminarily approved for financing, and was permitted to borrow the vehicle pending final financing approval.  (See Exhibit "C" - Conditional Delivery and Pre-financing Addendum).

Plaintiff changed the original tires and chrome alloy spinning wheel rims, and replaced them with less expensive tires and plain rims.

Final financing could not be provided without a down payment, which Plaintiff was unable to secure. Therefore, Plaintiff voluntarily returned the vehicle to Defendant, DeSimone, but without the original tires and chrome alloy spinning wheel rims.

A representative from DeSimone called Plaintiff to advise him that he returned the car without the original tires and chrome alloy spinning wheel rims and request that they be returned. When he refused to return the original tires and chrome alloy spinning wheel rims, DeSimone filed a report with the Philadelphia police. Based upon their own investigation, the police arrested Plaintiff, and he was charged with theft by unlawful taking and receiving stolen goods. Following a preliminary hearing, trial dates were set and continued. Eventually, for reasons currently unknown to Defendant, the criminal proceeding concluded with a nolle prosse.

To date, the Plaintiff has not returned the original tires and chrome alloy spinning wheel rims to Defendant, nor compensated Defendant for the loss/theft of those original tires and chrome alloy spinning wheel rims.

Plaintiff now seeks to recover from Defendants based upon his failure to obtain financing, as well as the fact that Defendant filed a criminal complaint against the Plaintiff for his theft of the original tires and chrome alloy spinning wheel rims, which Defendant did only after Plaintiff replaced the specialized original tires and chrome alloy spinning wheel rims with cheap rims, and refused to return the original tires and chrome alloy spinning wheel rims to Defendant, even after it was requested.

Plaintiffs recite seven (7) counts in their Complaint, but four (4) counts fail, as a matter of law, as set forth below; two (2) counts require a more definite statement, as set forth below; and Plaintiff's requested damages fail, as a matter of law, as set forth below.

## II.   STATEMENT OF ALLEGATIONS:

Plaintiff was pre-approved for a loan to purchase a new car before he even went to the Defendant's place of business. On January 12, 2008, Plaintiff went to Defendant, DeSimone, to purchase a car. He wanted to purchase a 2004 Chevy Silverado for $16,383.05, with no down payment. After he took the car, for which he believed financing had already been secured, he removed the original tires and chrome alloy spinning wheel rims and replaced them with what he considered to be better quality rims.

Thereafter, on January 17, 2008, a representative of Defendant, DeSimone, requested a down payment. On January 22, 2008, Plaintiff, after learning he could not qualify for financing without a down payment, voluntarily returned the Silverado to Defendant, but without the original tires and chrome allow spinning wheel rims.

Defendant's representative contacted Plaintiff regarding the tires and rims. On January 24, 2008, Plaintiff was arrested for theft based upon his replacement of the rims on the Silverado. He was charged with theft by unlawful taking and receiving stolen property. After a preliminary hearing, the matter was held for trial. After four more continuances, the matter was scheduled for a jury trial on January 6, 2009. At that time, the charges were nolle prossed.

## III   STANDARD OF REVIEW:

Pursuant to Rule 12(b)(1), a Complaint should be dismissed when the Court does not have subject matter jurisdiction. When the parties have an Agreement to Arbitrate, the Court lack such jurisdiction as the parties have agreed to an alternate forum for settling their disputes.

Pursuant to Rule 12(b)(6), a Complaint should be dismissed when the allegations therein fail to state a claim upon which relief may be granted. A party fails to state a claim upon which relief

may be granted when it is clear on the face of the Complaint, even when viewed in the light most favorable to the Plaintiffs, that "no relief could be granted under any set of facts that could be proved consistent with the allegations."[1] In deciding a Motion to Dismiss, the court must accept the factual allegations of the Complaint as true and view them in the light most favorable to the Plaintiff.[2]

Although, as a general rule, "a District Court may not consider matters extraneous to the pleadings, "a document integral to or explicitly relied upon in the Complaint may be considered without converting the Motion to Dismiss into one for Summary Judgment."[3]

Here, the Arbitration Agreement should be considered by the court. (Exhibit "A"). In addition, the police report/criminal complaint should also be considered by the court, since it forms the basis for several of Plaintiff's allegations. (Exhibit "B"). Furthermore, the Conditional Delivery and Pre-Financing Addendum should also be considered by the Court. ((Exhibit "C"). These documents are integral to the dispute, and the contract documents are both signed by the Plaintiff. Therefore, in accordance with U.S. Express and the other cited cases, these documents should be considered by the Court.

While the standard of review requires that all factual allegations in the Complaint be accepted

---

[1] Brown v. Philip Morris,Inc., 250 F.3d 789, 796 (3d Cir. 2001), citing Hishon v. King and Spalding, 467 US 69 (1984).

[2] Doug Grant, Inc. v. Greater Bay Casino Corp., 232 F.3d. 173, 183 (3d Cir. 2000).

[3] US Express Lines, Ltd. v. Higgins, 281 F.3d. 383, 388 (3d. Cir. 2002 ) (quoting In re: Burlington Coat Factory Sec. Litig", 114 F.3d 1410, 1416 (3d. Cir. 1997)(emphasis in original); See also Pension Benefit Guarantee Corp. v. White Consol. Indus., 998 F.2d. 1192 (3d.Cir. 1993); Ania v. Allstate Insurance Company, 161 F.Supp.2d 424, 431 (E.D.PA 2001).

as true, the court "need not accept as true unsupported conclusions and unwarranted inferences."[4] In other words, the court "is not required to accept legal conclusions either alleged or inferred from the pleaded facts."[5] More importantly, it is not proper "to assume that the [plaintiff] can prove facts that it has not alleged..."[6]

In sum, in reviewing a Rule 12(b)(6) Motion to Dismiss, the court is required to view the acts in the light most favorable to the Plaintiffs, but is not required, or indeed permitted, to infer from deficiently pled claims an ability by the Plaintiffs to assert a legitimate cause of action. Where the Complaint is deficient in one or more of the requisite legal elements, the Rule 12(b)(6) Motion should be granted.

---

[4] Doug Grant, Inc., 232 F.3d. 183, 184 (quoting City of Pittsburgh v. West Penn Power Company, 147 F.3d. 256, 263, n.13 (3d.Cir. 1998)).

[5] Kost v. Kozakiewicz, 1 F.3d. 176, 183 (3d. Cir. 1993).

[6] City of Pittsburgh at 272, citing Associated General Contractors of California v. California State Council of Carpenters, 459 US 519, 526 (1983).

## IV   ARGUMENT:

### A.   This Court lacks jurisdiction pursuant to the Arbitration Agreement

Pursuant to F.R.C.P. 12(b)(1), this lawsuit should be dismissed for lack of subject- matter jurisdiction.   42 Pa. C.S.A. §7303 states that "A written agreement to subject any existing controversy to arbitration or a written agreement to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity relating to the validity, enforceability or revocation of any contract." In this case, a valid, enforceable and irrevocable written agreement to subject any existing controversy to arbitration exists between the parties.

Plaintiff, James Dickerson, and Defendant, DeSimone, through its salesman, Anthony Weiss, signed an Arbitration Agreement for any disputes arising as a result of any controversy connected with the January 12, 2008 sale of the 2004 Chevy Silverado which states, in relevant part:

> 1.   It is agreed that any controversy arising in connection with this contract may be submitted to binding arbitration pursuant to the Uniform Arbitration Act, 42 Pa. Cons. Stat. Ann. §§7301-7320, as herein after provided. The parties further agree not to commence any suit, action or proceeding at law or in equity based upon any claim that is hereby made subject to arbitration, and this agreement may be presented as a complete defense to any such litigation. The arbitration provisions contained herein shall survive the termination or expiration of this contract.

(See Exhibit "A").

WHEREFORE, defendant, DeSimone Inc., respectfully requests that this Court enter the proposed Order dismissing the claims for failure to proceed to statutory Arbitration pursuant to the Arbitration Agreement.

**B.**   **Count I, Violation of the Pennsylvania Unfair Trade Practices, fails to state a claim upon which relief may be granted.**

Count I of Plaintiffs' Complaint alleges that Plaintiffs violated the Unfair Trade Practices Act. The Unfair Trade Practices Act is aimed at fraud prevention.   [7]   Rule 1019(b) of the Pennsylvania Rules of Civil Procedure provides that "averments of fraud or mistake shall be averred with particularity." Therefore, Plaintiff must specify the particular facts upon which they rely in bringing their claim under the Unfair Trade Practices Act. [8]

Plaintiff failed to plead any general or specific factual averments supporting Plaintiffs' claim that Defendants violated the Unfair Trade Practices Act. Plaintiffs simply lists eleven (11) sections of the Act, which they allege Defendants violated. Therefore, Plaintiffs' allegations fail as a matter of law.

WHEREFORE, Defendant respectfully requests this Honorable Court enter an Order striking and dismissing, with prejudice, Plaintiffs' claim for a violation of the Unfair Trade Practices Act in Count I of Plaintiffs' Complaint, or, in the alternative, enter an Order requiring Plaintiff to file a more definite statement.

**C.**   **Plaintiff should file more definite statements in Counts II, Motor Vehicle Sales Finance Act, and III, Equal Credit Opportunity Act**

In Count II, Motor Vehicle Sales Finance Act, Plaintiff's only statement is "At all times material, Defendants were in violation of the MVSFA, 61 P.S. §601, et seq., including the foregoing (incorporated by reference." (See Complaint, Paragraph 49). Defendants need to know exactly what

---

[7]   See Commonwealth v. Monumental Properties Inc., 329 A.2d. 812, 815-816 (Pa. 1974).

[8]   Lindstrom v. Pennswood Village, 612 A.2d, 1048 (Pa. Super. 1992).

they did to violate the Act, and what specific provisions were violated in order to respond to that claim.

Likewise, in Count III, Equal Credit Opportunity Act, Plaintiff's only statement is "At all times material, Defendants were in violation of ECOA, 15 U.S.C. §1694(e), et seq., including but not limited to Defendants' failing to report to Plaintiff the adverse action of its making and then rescinding the loan. (See Complaint, Paragraph 50).

WHEREFORE, Defendant respectfully requests that this Honorable Court enter an Order requiring Plaintiff to file a more definite statement for his claims in Count II, Motor Vehicle Sales Finance Act, and Count III, Equal Credit Opportunity Act.

**D.     Count IV, Fraud, fails to state a claim upon which relief may be granted.**

Count IV alleges fraud. Under Pa.R.C.P. 1019(b), allegations of fraud must be pled with particularity.[9] In Pennsylvania, the Plaintiff must allege the following elements in a claim for fraud:

     i.     A misrepresentation;

     ii.    Which was material to the transaction at hand;

     iii.   Made falsely, with knowledge of its falsity or recklessness as to whether it is true or false;

     iv.   With the intent of misleading another into relying on it;

     v.    Justifiable reliance on the misrepresentation; and

---

[9] Shared Communication Services of 1800-80 JFK Blvd., Inc. v. Greenfield, 2001 WL 1807363 (Pa.Com.Pl. 2001), (See also Martin v. Lancaster Battery Co., 606 A.2d. 444, 448 (Pa.1992), an allegation of fraud must "explain the nature of the claim to the opposing party so as to permit the preparation of a defense" and be "sufficient to convince the court that the averments are not merely subterfuge.").

vi.     The resulting injury was proximately caused by the reliance.[10]

According to Plaintiff, Defendants' misrepresentations were as follows:

1.      Advising Plaintiff that Defendants had not secured financing on Plaintiff's behalf, when they had; and

2.      Knowingly and maliciously falsely accusing Plaintiff of a crime and related misuse of the Philadelphia Police Department and court system when Plaintiff had not committed a criminal offense. (See Complaint, paragraph 51).

According to Plaintiff, Defendants had secured financing on Plaintiff's behalf, but advised Plaintiff that they did not secure financing. This does not make any sense. It was in both Plaintiff's and Defendants' interest to secure financing on Plaintiff's behalf, so that the sale could be completed. Plaintiff states that this misrepresentation was made to procure pecuniary gain; however, if Defendant made such misrepresentation, Defendant would not have any pecuniary gain or consideration, either from the Plaintiff or loan proceeds.

Furthermore, although Plaintiff states that he relied upon the misrepresentation to his detriment, he failed to identify how he relied upon this statement to his detriment. Plaintiff could only have relied upon Defendant if Defendant had advised that the financing had been secured. If financing had not been secured, Plaintiff could not have relied upon Defendant.

Similarly, Plaintiff alleged that the other misrepresentation occurred when Defendants falsely accused Plaintiff of committing a crime and related misuse of the Philadelphia Police Department and court system. This does not qualify as a misrepresentation. A misrepresentation must be made to the party, and must be material to the transaction at hand. Arguendo, even if Defendant knew

---

[10]  Bortz v. Noone, 729 A.2d. 555 (Pa. 1999).

Plaintiff did not commit a crime, and still reported it to the police, that report is not a misrepresentation to Plaintiff, it was not material to any transaction at hand, and it could not have been relied upon by Plaintiff.

Finally, Plaintiff alleges that the fraud included, but was not limited to, the above listed misrepresentations. Since fraud must be pled with specificity, all alleged misrepresentations must be listed and limited to those specifically pled in Count IV.

WHEREFORE, Defendant respectfully requests this Honorable Court enter an Order striking and dismissing, with prejudice, Plaintiffs' claim for fraud in Count IV of Plaintiffs' Complaint.

**E.     Count V, Abuse of Process, fails to state a claim upon which relief can be granted.**

In Count V, Plaintiff alleges an abuse of process based upon Defendants "filing of the Underlying Action..." (See Complaint, paragraph 56). Defendant assumes this "underlying action" involves the criminal charges filed against Plaintiff.

Abuse of process occurs where the defendant: "(1) used a legal process against the plaintiff; (2) primarily to accomplish a purpose for which the process was not designed and (3) harm has been caused to the plaintiff."[11] Therefore, abuse of process is using the legal process as a tactical weapon to coerce a desired result that is not the legitimate object of the process.[12] This tort is based upon the "perversion of legal process to benefit someone in achieving a purpose which is not an authorized

---

[11] Cruz v. Princeton Insurance Co., 2009 WL 763389 (Pa. Super. 2009), citing Werner v. Plater-Zyberk, 799 A.2d 776, 785 (Pa. Super. 2002).

[12] Cruz v. Princeton Insurance Co., 2009 WL 763389 (Pa. Super. 2009), citing Werner v. Plater-Zyberk, 799 A.2d 776, 785 (Pa. Super. 2002), citing McGee v. Feege, 517 Pa. 247, 259, 535 A.2d 1020, 1026 (1987); See also Lerner v. Lerner, 2008 Pa. Super. 183, 954 A.2d 1229 (2008), citing Shiner v. Moriarty, 706 A.2d 1228, 1236 (Pa Super. 1998), appeal denied 556 Pa. 711, 729 A.2d 1130 (1998).

goal of the procedure in question."[13]

In this situation, Defendant admittedly used a legal process against the plaintiff; however, the purpose of the legal process was that for which the process was designed.   Significantly, DeSimone filed a criminal complaint against Plaintiff after Plaintiff failed to return the vehicle's original tires and chrome alloy spinning wheel rims, which he had replaced. As Plaintiff admitted, he voluntarily returned the vehicle on January 22, 2008, without the original rims.  (See Complaint, paragraph 24-25).  He received a telephone call that same day regarding the rims.  (See Complaint, paragraph 26).  Defendant requested their return.

Evidently, Plaintiff still failed to return the original tires and chrome alloy spinning wheel rims, and was arrested two days later for theft of the original tires and chrome alloy spinning wheel rims.  Therefore, Defendant filed a criminal complaint against Plaintiff for theft of the original tires and chrome alloy spinning wheel rims after Plaintiff refused to return said rims.  That was the proper use of the legal process for filing criminal charges for theft.  This was confirmed when Judge Dugan ordered the Plaintiff to be tried on criminal charges following the preliminary hearing.

The "underlying action" used the legal process for exactly the purpose it was designed.   If Plaintiff, at any time, returned the original tires and chrome alloy spinning wheel rims, the charges would have immediately been dropped by Defendants.  Unfortunately, Plaintiff has never returned the original tires and chrome alloy spinning wheel rims.  The matter was nolle prossed for reasons unrelated to the legitimacy of the original charges.

Moreover, even if the legal process was not used primarily for the process for which it was

---

[13] Cruz v. Princeton Insurance Co., 2009 WL 763389 (Pa. Super. 2009), citing Werner v. Plater-Zyberk, 799 A.2d 776, 785 (Pa. Super. 2002).

designed, Plaintiff must show harm. Plaintiff has failed to show harm as a result of the charges. He did not even pay legal fees, as he was defended by the public defenders association.

WHEREFORE, Defendant respectfully requests this Honorable Court enter an Order striking and dismissing, with prejudice, Plaintiffs' claim for abuse of process in Count V of Plaintiffs' Complaint.

F.     **Count VI, Malicious Prosecution, fails to state a claim upon which relief can be granted.**

In Count VI, Plaintiff alleges malicious prosecution because of the criminal proceeding initiated against Plaintiff, which was nolle prossed. (See Complaint, paragraph 57). Plaintiff further stated that the purpose of the criminal proceedings was to intimidate Plaintiff to pay for the Silverado, and that the Plaintiff spent a night in jail, which constituted a seizure. (See Complaint, paragraph 58).

Pennsylvania law is clear that in order to establish a cause of action for malicious prosecution relating to a criminal prosecution, the plaintiff must prove that the defendant:

1.     Instituted proceedings against the plaintiff;

2.     Without probable cause;

3.     With malice; and

4.     That the proceedings were terminated in favor of the plaintiff.[14]

In the case at bar, it is clear that Defendant did initially report the theft of the original tires

_____

[14] Corrigan v. Central Tax Bureau of Pa., Inc., et al, 828 A.2d 502 (Pa. Cmwlth. 2003), citing Miller v. Pa. Railroad Co., 371 Pa. 308, 314, 89 A.2d 809, 811-812 (1952); see also, Amicone v. Shoaf, 423 Pa. Super. 281, 620 A.2d 1222 (Pa. Super. 1993), citing Kelley v. General Teamsters, Chauffeurs, and Helpers, Local 249, 518 Pa. 517, 521-512, 544 A.2d 940, 941 (1988); Shelton v. Evans, 292 Pa. Super. 228, 232, 437 A.2d 18, 20 (1981).

and chrome alloy spinning wheel rims to the police. After that point, it was out of Defendant's control, and the police and Commonwealth of Pennsylvania decided to pursue the action, using Defendant as a witness.

Probable cause is defined as "a reasonable ground of suspicion supported by circumstances sufficient to warrant an ordinary prudent man in the same situation in believing that the party is guilty of the offense."[15]   Probable cause does not require actual guilt:   If the facts convince a reasonable, honest, intelligent human being that the suspected person is guilty of a criminal offence, that person is justified in launching a criminal investigation.[16]

Defendant can clearly establish that there was probable cause to file said charges. Plaintiff admitted, in his Complaint (see paragraph 25), that he "forgot to replace the original rims." Plaintiff does not allege anywhere in the Complaint that those original rims were ever returned, because they still have not been returned. In Amicone, the Appellant was arrested and prosecuted for theft for failing to pay a $2.02 bill at a restaurant, but the charges were later dismissed. [17] The court found the existence of probable cause based upon Appellant's initial refusal to pay. Likewise, there is probable cause in this case based upon Plaintiff's own admission that he did not return the original rims, as well as Defendant's obviously reasonable belief that Plaintiff failed to return the car with the original tires and chrome alloy spinning wheel rims.

---

[15]  Amicone, supra, 423 Pa. Super 281, citing Miller v. Pennsylvania R.R. Co., 371 Pa. 308, 310, 89 A.2d 809, 811-812 (1952), Accord Kelley v. General Teamsters, 518 Pa. At 523, 544 A.2d 940, 942 (1988).

[16]  Jaindl v. Mohr, et al., 432 Pa. Super. 220, 637 A.2d 1353 (1994), quoting Bruch v. Clark, 352 Pa. Super. 225, 507 A.2d 854, 856 (1986), quoting Neczypor v. Jacobs, 403 Pa. 303, 308, 169 A.2d 528, 531 (1961).

[17]  423 Pa. Super 281, 620 A.2d 1222 (1993).

WHEREFORE, Defendant respectfully requests this Honorable Court enter an Order striking and dismissing, with prejudice, Plaintiffs' claim for malicious prosecution in Count VI of Plaintiffs' Complaint.

### G.    Plaintiff fails to state a claim for attorney's fees and costs.

Plaintiff has requested attorney's fees and costs in association with his claims.  In the Commonwealth of Pennsylvania, parties to litigation are responsible for their own counsel fees and costs, unless otherwise provided by statutory authority, agreement of the parties, or some other recognized exception. [18]  Plaintiffs do not state any statutory authority or agreement between the parties that entitles Plaintiffs to attorney's fees and costs.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter an Order striking and dismissing, with prejudice, Plaintiffs' claim for attorney's fees and costs.

### H.    Plaintiff fails to state a claim for punitive and/or treble damages.

Counts IV, V, and VI are allegations of fraud, abuse of process and malicious prosecution, which are torts.  Punitive damages may not be awarded by a court merely because a tort has been committed.  Additional evidence must demonstrate willful, malicious, wanton, reckless or oppressive conduct. [19]  Plaintiff failed to plead any general or specific factual averments supporting Plaintiff's claim for punitive damages.

Plaintiff's claim for punitive damages arises from Plaintiff's claim for compensatory

---

[18] Jones v. Muir, 515 A.2d. 855 (Pa. Super. 1986), Wrenfield Homeowner's Association, Inc. v. DeYoung, 600 A.2d. 960 (Pa. Super.1991).

[19] McClellan v. Health Maintenance Organization of PA, 604 A.2d. 1053 (Pa.Super.1992), Pittsburgh Outdoor Adv. Co. v. Virginia Manor Apartments, Inc., 260 A.2d. 801 (PA 19070), Hughes v. Babcock, 37 A.2d. 551 (PA 1944).

damages. Plaintiff made a claim for fraud. In an action for fraud, Plaintiffs may recover actual losses caused by Defendant's fraud; however, recovery of punitive damages does not automatically follow. When fraud is the basis for the recovery of compensatory damages, that same fraud is not enough, alone, to form a sufficient basis upon which to award punitive damages.[20] If the law were otherwise, punitive damages could be awarded in all fraud cases. This is not the law. Abuse of process and malicious prosecution are treated the same way.

Counts I, II, III and VII allege violations of the Unfair Trade Practices Act, Motor Vehicle Sales Financing Act, Equal Credit Opportunity Act, and Civil Rights Act, respectively. All of these are statutory. Plaintiffs have failed to cite any specific statute which provides for punitive, incidental, consequential or exemplary damages. The Unfair Trade Practices and Consumer Protection Law does not confer a right to punitive damages.[21] Likewise, there is no provision for these damages in the remaining statutes.

Wherefore, Defendant respectfully requests that this Honorable Court enter an Order striking and dismissing, with prejudice, Plaintiff's claim for punitive and/or treble damages in Plaintiff's Complaint.

I.      **Plaintiff fails to state a claim for equitable relief and forfeiture and return of any loan proceeds or other monies paid to Defendants by Plaintiff**

In his summary of demands, Plaintiff requested, inter alia, both equitable relief and forfeiture and return of loan proceeds or other monies paid to Defendant by Plaintiff.

Although Plaintiff requested the return of any money paid by Plaintiff to Defendant,

---

[20] Smith v. Renaut, 564 A.2d. 188 (Pa. Super.1989).

[21] McCauslin v. Reliance Finance Company, 751 A.2d 683 (Pa. Super. 2000).

Plaintiff's own Complaint makes it clear that Plaintiff did not pay any money to Defendant. Therefore, Plaintiff cannot claim any return of money from Defendant.

Furthermore, equitable relief is a damage claimed in equity cases. This case does not involve equity as there is a remedy at law. Plaintiff's claims are either tortious or statutory, neither of which qualify as equity. Therefore, there cannot be any equitable relief in this matter.

Wherefore, Defendant respectfully requests that this Honorable Court enter an Order striking and dismissing from Plaintiff's Complaint, with prejudice, Plaintiff's claim for equitable relief and forfeiture and return of loan proceeds or other monies paid to Defendant by Plaintiff.

## V.     CONCLUSION:

For the foregoing reasons, Defendant respectfully requests that this Court dismiss this suit and Order that it be pursued in arbitration, pursuant to the Arbitration Agreement.

Furthermore, or in the alternative, Defendant respectfully requests that this Court dismiss Counts I, IV, V, and VI of Plaintiff's Complaint for failure to state a claim; dismiss Plaintiff's claims for attorneys fees and costs, punitive damages, treble damages, equitable relief, and forfeiture and return of any loan proceeds or other monies paid to Defendants by Plaintiff; and, order Plaintiff to provide a more definite statement of his claims in Counts II and III in any amended pleading that the court permits.

GERSON, CAPEK & VORON

By: _____

RICHARD L. GERSON, ESQUIRE
IDENTIFICATION NO. 08759
NICOLE GERSON, ESQUIRE
IDENTIFICATION NO. 76186
Attorneys for Defendant, DeSimone, Inc.

GERSON, CAPEK & VORON

16

1420 Walnut Street
Suite 300
Philadelphia, PA 19102
(215)985-0700

Dated: May 21, 2009

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

JAMES DICKERSON       :    CIVIL ACTION NO.09-1551

     *Plaintiff,*        :

     vs.         :

DESIMONE, INC. d/b/a DESIMONE AUTO   :
GROUP, RANDY FOREMAN d/b/a DESIMONE :
AUTO GROUP, ANTHONY WEISS d/b/a    :
DESIMONE AUTO GROUP      :

     *Defendants.*       :

              :

## CERTIFICATE OF SERVICE

I, Nicole Gerson, hereby certify that a true and correct copy of the within Motion to Dismiss, Entry of Appearance, and Rule 7.1 Disclosure, were served on the following via First Class Mail on May 21, 2009 at the following addresses:

    Matthew B. Weisberg, Esquire
    Prochniak Weisberg, P.C.
    7 South Morton Avenue
    Morton, Pa. 19070

          **NICOLE GERSON, ESQUIRE**
          **GERSON, CAPEK & VORON**
          **1420 Walnut Street**
          **Suite 300**
          **Philadelphia, PA 19102**
          **(215)985-0700**

*EXHIBIT "A"*

④

## ARBITRATION AGREEMENT
Agreement for Statutory Arbitration of Contractual Dispute

1. It is agreed that any controversy arising in connection with this contract may be submitted to binding arbitration pursuant to the Uniform Arbitration Act, 42 Pa. Cons. Stat. Ann. §§7301-7320, as herein after provided. The parties further agree not to commence any suit, action or proceeding at law or in equity based upon any claim that is hereby made subject to arbitration, and this agreement may be presented as a complete defense to any such litigation. The arbitration provisions contained herein shall survive the termination or expiration of this contract.

2. Any party may demand that a dispute or claim be submitted to arbitration, if such demand is made upon the opposing party in writing within 90 days after the moving party first has knowledge of the dispute. The demand must include the name of the arbitrator selected by the party demanding arbitration, together with a statement of the matter in controversy.

3. Within 30 days of such demand, the other party shall name its arbitrator. The arbitrators named by the parties shall then select a third, neutral arbitrator. If the other party fails to name an arbitrator, the arbitrator shall be appointed by a court of competent jurisdiction upon application. If the parties fail to agree on a neutral arbitrator, one shall be appointed upon petition to the Court.

4. Each party shall bear its own arbitration costs and expenses and shall contribute 50% of the costs and expenses of the third arbitrator. The costs and expenses of the arbitrator shall include, but not be limited to, the time spent preparing, hearing and deciding the dispute, and any additional costs relating to postage, photocopying, express and messenger delivery charges, long distance telephone charges and travel.

5. Each party shall bear its own attorneys fees, costs and expenses.

6. All proceedings shall occur in Philadelphia County, and any court proceedings shall likewise occur in Philadelphia County.

7. If a third party not bound by this contract is an indispensable party to any legal proceedings, the parties may proceed to the Court of Common Pleas in order to bring in the indispensable party, unless such party agrees to participate in the Arbitration.

I/We hereby acknowledge receipt of a copy of this Arbitration Agreement.

BUYER'S SIGNATURE: _Raymond Dickerson_
    Print Name: _JAMES DICKERSON_
    Date _1-12-08_

CO-BUYER'S SIGNATURE: _____
    Print Name: _____
    Date: _____

DEALER'S SIGNATURE: _Anthony J. Weiss_
    BY: (Print Name) _ANTHONY J. WEISS JR._

*EXHIBIT "B"*

PHILADELPHIA POLICE DEPARTMENT
## COMPLAINT OR INCIDENT REPORT

| YEAR | DIST./OCC. | D.C. NO. | SECT. | DIST. | VEH. NO. | REPORT DATE |
|------|-----------|----------|-------|-------|----------|-------------|
| 08 | 15 | 7725 | K | 15 | 15 | 01-21-08 |

CRIME OR INCIDENT CLASSIFICATION: Fraud  CODE: 1105  TIME OUT: 1035 P  TIME IN:

LOCATION OF OCCURRENCE: 6101 Frankford   ☒ IN  ☐ OUT  TYPE OF PREM. 2

DATE OF OCCUR.: 01-21-08  DAY CODE: 1  TIME OF OCCUR.: 1000  (A/P)  NATURE OF INJURY: None

COMPLAINANT: Desimone Suzuki/Isuzu  AGE  RACE  SEX  PHONE (HOME): 744-6460

ADDRESS: 6101 Frankford   PHONE (BUSINESS):

FOUNDED: ☐ Yes ☐ No  REPORT TO FOLLOW: ☐ Yes ☐ No ☐ Close Out  UNIT  CODE: G.O  INV. CONT. NO: 999

WITNESS: ☐ Yes ☐ No  TRACEABLE PROP.: ☐ Yes ☐ No  UNIQUE DESCRIPTION OF OFFENDER: ☐ Yes ☐ No  OTHER EVIDENCE: ☐ Yes ☐ No

DESCRIPTION OF INCIDENT (Include Description of Crime Scene if Applicable)

R/C Rpt Theft
Abv comp states they allowed below off. to take
below vech. home while he finds a co-signer
to be approved. when below off. could not be
approved he dropped the car back off at
Desimone w/o the original tires & rims list below
Randy Forman (manager) w/n 50%

WITNESS: 04 Chevy C1500 Blue in color vin# 1GCEC14X74727866  ADDRESS  PHONE NO.

OFFENDER INFORMATION: James Dickerson  07-12-49  B/m
470 Manheim  Apt #45  (215) 951-2282

PROPERTY DESCRIPTION (Include Make, Model, Color and Serial No. Where Applicable)  PROP. CODE  INSURED: ☐ Yes ☐ No  STOLEN VALUE: $ 2,744°
4 - 22 in. chrome rims - $2000
4 - Tires - $744

VEHICLE 1 — OWNER'S NAME  VEHICLE 2 — OWNER'S NAME

VEHICLE 1 — OPERATOR'S NAME  VEHICLE 2 — OPERATOR'S NAME

WANTED/STOLEN MESSAGE SENT  General No.  Date  DIST./UNIT TERMINAL  RECEIPT NO.  SENT BY

REPORT PREPARED BY: Lucio paro  957649  NO. 1176  DIST./UNIT 15  TOTAL PAGES  PAGE NO. 1

REVIEWED BY:  NO. 131  DIST./UNIT  REFERRAL DATE  CEN NO.

PURSUANT TO ACT 155 OF 1992, THE BELOW PERSON ACKNOWLEDGES RECEIPT OF THE NOTIFICATION OF VICTIM SERVICES FORM:

75-48 (Rev. 6/94)

*EXHIBIT "C"*

⑤

## CONDITIONAL DELIVERY AND PRE-FINANCING ADDENDUM
## TO RETAIL INSTALLMENT SALES CONTRACT

YOU HAVE REQUESTED IMMEDIATE DELIVERY OF A MOTOR VEHICLE
BEFORE YOUR FINANCING IS APPROVED. YOU AGREE THAT THE DELIVERY OF
THIS MOTOR VEHICLE IS SUBJECT TO THE FOLLOWING TERMS AND CONDITIONS:

1. The Retail Installment Sales Contract and this addendum have been contemporaneously signed by you and the dealer. The Retail Installment Sales Contract is still subject to approval by the lender. This means that the lender may decline to provide you with the loan necessary for you to purchase this motor vehicle.

2. UNTIL YOUR LOAN IS APPROVED, EITHER PARTY MAY TERMINATE THIS TRANSACTION.

3. Once your financing is approved, the dealer and you are obligated to complete the motor vehicle sale in accordance with the terms of the Retail Installment Sales Contract, except as otherwise provided under applicable law.

4. If you desire, you may arrange financing through any lender of your choice, provided that you remain responsible for interest from the date the motor vehicle is/was delivered to you.

5. If for any reason the lender fails to approve your loan, you agree to accept other financing which provides the same, or better, terms than originally provided in the installment sales contract if the dealer is able to place your loan with a different lender willing to approve a loan application.

6. In the event financing cannot be obtained, the deal is terminated, and you agree to return the motor vehicle to the dealer within 24 hours of notification, relinquishing all claim or rights to the motor vehicle.

7. Provided you voluntarily return the motor vehicle as provided herein, without damage (regardless of fault), you will not be charged for the use of the motor vehicle and all deposits, if any, will be refunded. (Refunds will not be given for manufacturer's or dealer's rebates or incentives.)

8. If you fail to return the motor vehicle as required herein, you agree to the following charges:
   Reconditioning                     $135.00
   Recovery Fee, if applicable        $300.00
   Physical Damage                    (As Assessed).

9. This addendum is an integral part of the installment sales contract and its terms are incorporated into the installment sales contract, and all related agreements, by this reference as though fully set forth therein. This Addendum, the Retail Installment Sales Contract, and related agreements together constitute a single agreement and have been signed contemporaneously by the parties with the intent to be legally bound.

10. If any provision of this Addendum shall be found, by any competent court of jurisdiction, to be invalid or unenforceable, the remaining provisions shall be unaffected and shall remain in full force and effect.

Buyer acknowledges receiving a copy of this Addendum.

BUYER'S SIGNATURE: _~~~~~~~~~~~~~~~~~~~~~~~_ 1-12-'08

Print Name: _JAMES DICKERSON_

BUYER'S SIGNATURE: _____ Date: _____

Print Name: _____

DEALER'S SIGNATURE: _~~~~~~~~~~~_ Date: _1-12-'08_

Print Name: _ANTHONY J WEISS JR._

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES DICKERSON | : | CIVIL ACTION NO.09-1551 |
| *Plaintiff,* | : | |
| | : | |
| vs. | : | |
| | : | |
| DESIMONE, INC. d/b/a DESIMONE AUTO | : | |
| GROUP, RANDY FOREMAN d/b/a DESIMONE | : | |
| AUTO GROUP, ANTHONY WEISS d/b/a | : | |
| DESIMONE AUTO GROUP | : | |
| | : | |
| *Defendants.* | : | |

### RULE 7.1 DISCLOSURE

DeSimone, Inc. d/b/a DeSimone Auto Group, is not owned by any other parent

corporation or publicly held corporation.

GERSON, CAPEK & VORON

BY: _____

RICHARD L. GERSON, ESQUIRE
IDENTIFICATION NO. 08759
NICOLE GERSON, ESQUIRE
IDENTIFICATION NO. 76186

**Attorneys for Defendant**

**GERSON, CAPEK & VORON**
**1420 Walnut Street, Suite 300**
**Philadelphia, PA 19102**
**(215) 985-0700**

**Dated: May 21, 2009**