## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

James Dickerson     :
430 W. Manheim Street, Apt. #45A  :
Philadelphia, PA 19144    :  CIVIL ACTION NO.: 09-1551
       Plaintiff, :
   v.      :
         :
DeSimone, Inc. d/b/a    :
DeSimone Auto Group, et al   :
6101 Frankford Avenue    :
Philadelphia, PA 19153    :
         : JURY OF TWELVE (12) JURORS DEMANDED
     Defendants. :

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2009, upon consideration of

Defendant, DeSimone's Motion to Dismiss Plaintiff's Complaint, and Plaintiff's response

thereto, it is hereby ORDERED and DECREED that Defendant's Motion is DENIED.

**AND IT IS SO ORDERED.**


_____
Mary A. McLaughlin   ,J.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

James Dickerson                                  :
430 W. Manheim Street, Apt. #45A                 :
Philadelphia, PA 19144                           :        CIVIL ACTION NO.: 09-1551
                              Plaintiff,         :
              v.                                 :
                                                 :
DeSimone, Inc. d/b/a                             :
DeSimone Auto Group, et al                       :
6101 Frankford Avenue                            :
Philadelphia, PA 19153                           :
                                                 : JURY OF TWELVE (12) JURORS DEMANDED
                              Defendants.        :

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT, DESIMONE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Incorporating by reference the attached Memorandum of Law, Plaintiff requests this

Honorable Court deny Defendant's Motion.

Wherefore, Plaintiff requests this Honorable Court deny Defendant's Motion.


PROCHNIAK WEISBERG, P.C.


/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

James Dickerson                          :
430 W. Manheim Street, Apt. #45A         :
Philadelphia, PA 19144                   :     CIVIL ACTION NO.: 09-1551
                        Plaintiff,       :
        v.                               :
                                         :
DeSimone, Inc. d/b/a                     :
DeSimone Auto Group, et al               :
6101 Frankford Avenue                    :
Philadelphia, PA 19153                   :
                                         : JURY OF TWELVE (12) JURORS DEMANDED
                       Defendants.       :

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT,**
**DESIMONE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I.    Procedural Posture**

On April 13, 2009, Plaintiff, James Dickerson, filed his Complaint against Defendants,

DeSimone, Inc. ("DeSimone"), Randy Foreman ("Foreman"), and Anthony Weiss ("Weiss")

(Weiss and Foreman will hereinafter be collectively referred to as "employee/defaulting

Defendants").

On May 4, 2009, all Defendants were served.  (Docket No. 2).  Defaulting Defendants

have failed to timely respond.  Upon requested denial of Defendant's instant Motion, Plaintiff

will thereafter move for default against defaulting Defendants.

On May 21 and 22, respectively, Defendant, DeSimone appears to have filed three (3)

duplicative Motions to Dismiss.  (Nos. 3 & 6).  As these Motions appear duplicative, Plaintiff

does not object to this apparent inadvertency but will respond to the latter (No. 6), apparently

corrective filing.  Given the confusion to Plaintiff created by these filings, Plaintiff requests leave

to supplement this response should Defendant's Reply, if any, note material difference in these

filings requiring Plaintiff's response.

Plaintiff's response is timely.

**II.     Plaintiff's Motion to Strike**

    A.     <u>Exhibits</u>

Attached to its Motion, Defendant, DeSimone, attaches inadmissible exhibits.

Exhibit A is entitled "arbitration agreement."  This exhibit is attached as a single-page document seemingly culled as one of many pages, the balance being omitted.  Out-of-context and in violation of the rule of completeness, this exhibit is prejudicial by precluding Plaintiff's defense to that exhibit via those omissions.

Exhibit B is a police report.  Police reports are statutorily inadmissible and, further, hearsay.  75 Pa.C.S.A. §3751.  Moreover, facts therein are not appropriate for adjudication upon a 12(b) motion.

Exhibit C is a "conditional delivery and pre-financing addendum."  For the same reasons as the arbitration agreement is inadmissible, so is this *addendum*.  Moreover, the facts underlying are inappropriate for 12(b) analysis.  Likewise, the facts underlying preclude this exhibit's admission as not relevant to Plaintiff's Complaint's averments of Defendant's wrongful prosecution.

Plaintiff requests this Honorable Court strike these exhibits.

    B.     <u>Motion to Dismiss</u>

As will be detailed below, Defendant's Motion *ad seriatim* attempts to pick apart Plaintiff's Complaint word-by-word without proper analysis, support, or otherwise resembling a proper 12(b) motion leading Plaintiff to here respectfully suggest Defendant's pleading has been presented for an improper purpose and is largely unwarranted by existing law.  FRCP 11(b)(1) & (2).

Aside from having filed three (3) duplicative Motions to Dismiss, Defendant has written to the Court, after admittedly granting Plaintiff an enlargement, contrarily claiming this filing untimely as well as lengthily excoriating Plaintiff for a Motion to Enlarge that was not only required by FRCP 6 but was almost duplicative of a prior Motion for Enlargement which had gone without Defendant's objection (record or otherwise).  Now, Defendant's Motion claims Plaintiff's Complaint should be dismissed, *inter alia*, improperly: (1) requesting the Court apply Pennsylvania Rules of Civil Procedure instead of a more proper FRCP 8 & 9 analysis; (2) attacking Plaintiff's prayer for relief which is clearly grounded in both procedure and law; (3) representing to the Court a partial standard of 12(b) analysis which is just as incomplete as the remainder of Defendant's arguments with regard to current, proper legal analysis of the facts of this matter; (4) attaching exhibits that are evidentiarily and statutorily inadmissible, and additionally outside of 12(b); and even (5) mis-stating standing holdings of case law (see, <u>Cruz</u>, infra).

Plaintiff rarely (if ever) would deign to characterize an adverse pleading as requiring it being stricken, leaving it in both the Courts' abilities through litigation to reasonably determine propriety on its own as well as Plaintiff knowing no human is without error (so be it for Plaintiff to cast the first stone), but this response in opposition has been an extraordinary undertaking by Plaintiff in attempting to state what should have been Defendant's proper position only then to refute, among others, only *after* discerning Defendant's contention, which follows on the heels of a wholly unprovoked and, in fact, incorrect communication attacking Plaintiff for Plaintiff's compliance with our Rules' mandates (as admitted within that missive).  All these within an action grounded in consumer and civil rights' protections for Defendant's claimed intentional misconduct.

To be clear, Plaintiff does not request this Honorable Court strike Defendant's Motion because Plaintiff disagrees or that Motion envelope-pushing (or even ultimately incorrect); on the contrary, Plaintiff requests this Honorable Court strike Defendant's Motion because Defendant's failures constitute waiver[1] as well as have been presented for an improper purpose and wholly unfounded.

Defendant's Motion should be stricken.  If not stricken, Plaintiff here withdraws his claim under the MVSFA for efficiency (not as an admission).

## III.    Operative Facts

On January 12, 2008, Plaintiff received a call from a representative of Defendant, DeSimone's finance department informing Plaintiff that he was pre-approved for a loan towards a vehicle of his choice.  (Plaintiff's Complaint, ¶ 10[2]).  DeSimone's employee advised that a vehicle finance loan with no money down had already been secured by DeSimone on Plaintiff's behalf.  (¶ 11).  Defendant's employee advised Plaintiff merely to bring proof of income and a utility bill authenticating Plaintiff's address in-person to Defendant.  (¶ 12).

On that date, Plaintiff went to DeSimone as directed to take advantage of the special offer.  (¶ 13).  Plaintiff purchased from DeSimone a 2004 Chevy Silverado ("Silverado") for $16,383.05 consistent with the above pre-approval.  Id.  DeSimone, ratified by Co-Defendant, Weiss, sent Plaintiff a "thank you" letter received by Plaintiff on or about January 14.  (¶ 14).

Returning home with the Silverado, Plaintiff installed a large toolbox in the bed of the truck and replaced the Silverado's apparently stock spinning rims with better quality.  (¶ 15).

---

[1] Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc., 131 F.3d 874, 880 & n. 9 (10th Cir.1997) (holding that party who noted issue and made "several broad, conclusory statements" waived argument for failure to develop); Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1287, n. 16 (5th Cir.1994) ("They cite no authority for th[eir] theory, and we will not root about in the case law seeking support for it").
[2]   Hereinafter, all references to paragraphs will be to Plaintiff's Complaint unless stated otherwise.

On or about January 17, Weiss called Plaintiff at home asking if Plaintiff had $1,500.00 to pay towards price of the Silverado. (¶ 16).  By Weiss, Plaintiff was led to believe that payment was to be towards Plaintiff's first monthly loan installment payment.  (¶ 18).  When Plaintiff responded he did not have $1,500.00, Weiss countered by asking if Plaintiff had $1,000.00 towards, again, what Weiss led Plaintiff to believe was Plaintiff's finance  payment. (¶ 17).  Weiss directed Plaintiff to contact Plaintiff's Credit Union for a cash advance, Weiss additionally leading Plaintiff to believe that first installment payment was immediately required. (¶ 19).

At around that time, Plaintiff received notices of rejection for various auto loans applied for in his name by DeSimone.  (¶ 20).  Those notices noted their rejections predicated on the applied for loans being under-collateralized (i.e., the loan was requested in an amount greater than the value of the underlying collateral, the Silverado).  (¶ 21).  These notices led Plaintiff to believe that DeSimone, contrary to its prior representations, had failed to secure financing for Plaintiff.  (¶ 22).

Plaintiff later discovered that DeSimone had, in fact, itself financed the vehicle but DeSimone's attempt to sell its loan to another lender for DeSimone's profit was unsuccessful (perhaps owing to DeSimone's over-charging Plaintiff for the Silverado as the rejection notices from those other lenders indicated).  (¶ 23).

At that time, Plaintiff believing that his financing had been rejected contrary to DeSimone's initial solicitation's representations and thereafter sale plus ratification, Plaintiff returned to DeSimone to voluntarily return the Silverado.  (¶ 24).  Prior to returning the Silverado, Plaintiff removed the toolbox he had installed on the Silverado but forgot to remove the better quality rims of which he had purchased in replacement.  (¶ 25).

Defendant, Foreman, then called Plaintiff angrily accusing Plaintiff of vandalizing "his [Defendant, DeSimone's] Silverado." (¶ 26).  Foreman threatened to have Plaintiff arrested.  Id. At the behest of Defendants, Plaintiff was then arrested for theft in regard to his replacement of the rims on the Silverado (¶ 27).  Plaintiff attempted to nip what he thought was a misunderstanding in the bud by showing the arresting officers Plaintiff's sale paperwork for the Silverado and the rims, but the arresting officers were required by Defendants' criminal complaint to complete the arrest.  (¶ 28).

On or around January 25, 2008, after spending the night confined in the Philadelphia Police Department's central lockup, Plaintiff was charged with one Count each of theft by unlawful taking and receiving stolen property.  (¶ 29).  Plaintiff was then released on his own recognizance after a preliminary arraignment.  (¶ 30).  An arraignment and preliminary hearing was then set for February 1, 2008, in Philadelphia's Municipal Court.  Id.  The hearing was continued.  (¶ 31).

On the continued preliminary hearing date, Foreman testified on behalf of DeSimone as a criminal complaining witness.  (¶ 33).  Foreman testified that Foreman on behalf of DeSimone turned over possession of the Silverado to Plaintiff solely that Plaintiff could obtain his own financing.  (¶ 34).  These charges were held over for a January 6, 2009 jury trial.  (¶ 41).

At all times, Plaintiff maintained his innocence during his representation by the Philadelphia (Public) Defender's Office.  (¶ 32).  Plaintiff requested a jury trial rejecting all offers of plea bargain.  (¶ 40).

Upon motion of the *Philadelphia District Attorney's Office*, on the day of trial, the Philadelphia Court of Common Pleas *nolle prossed* Defendants' charges ending the criminal proceeding finally in favor of Plaintiff.

This lawsuit follows.

## IV.   Standard

The Complaint is sufficiently factually pleaded under <u>Twombly</u> and <u>Iqbal</u>.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955 (2007); <u>Ashcroft v. Iqbal</u>, 2009 U.S. LEXIS 4472 (2009).  In accord with <u>Iqbal</u>, it has been long held that a federal complaint need not state causes of action but instead merely facts justifying a prayer for relief.  <u>Iqbal</u>, supra; *Moores's Federal Practice* P 8.04 [3].

To the extent this Honorable Court finds the Complaint not sufficiently pleaded, the Court is alternatively moved to allow an amended pleading.  <u>Phillips v County of Allegheny</u>, 1515 F.3d 224 (C.A.3. 2008) (the Third Circuit in accord with <u>Twombly</u>, supra., directing District counts to grant leave for Amended Complaints *even when not requested* unless futile or prejudicial); FRCP 15 (amended complaints are to be liberally allowed so as to do justice on the merits).  "Prejudice" is not defined by the requirement of the party so proclaiming to ongoing litigate even when an amendment may be thought tenuous or ongoing litigation costly, but is instead defined by the inability to defend against that amendment which cannot be the case at this initial stage. <u>Adams v. Gould, Inc</u>. 739 F.2d 858, 868-870 (C.A.3 1984); <u>Arthur v Maersk</u>, 434 F.3d 196, 204-207 (C.A.3 2006); <u>Lorenz v CSX Corp</u>. F.3d 1406, 1414 (C.A.3 1993) (finding no prejudice arising from amendment three years after action and two years after complaint was amended for the second time).

A Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." <u>Iqbal</u>, supra. (quoting FRCP 8(a)(2)).  "Detailed factual allegations" are not required.  <u>Iqbal</u>, supra (quoting <u>Twombly</u>, at 555).  Rule 8 merely requires sufficient factual matter which must be accepted as true from which reasonable inferences must be drawn

in favor of the pleader to "state a claim for relief that is plausible on its face." Iqbal, supra

(quoting Twombly, at 570); Independence Enterprises Inc. v Pitts. Water and Sewer Auth., 103

F.3d 1165 1168 (C.A.3 1997).

"A claim has facial plausibility when the Plaintiff pleads factual content that allows the

court to draw the **reasonable inference** that the Defendant is liable for the misconduct alleged."

Iqbal, supra. (citing Twombly, at 556) (emphasis added).  "The plausibility standard is not akin

to a 'probability requirement,' but instead asks for more than a sheer possibility that a Defendant

has acted unlawfully."  Id.  (emphasis added).

Whether a Complaint states a plausible claim for relief requires a "context – specific"

analysis.  Iqbal, supra.

> While legal conclusions can provide the framework of Complaint,
> they must be supported by factual allegations.  Where there are
> well-pleaded factual allegations, a court **should assume their
> veracity** and then determine whether they plausibly give rise to
> entitlement to relief.  Iqbal, supra. (emphasis added).

Rule 8's "short and plain statement of the claim" mandate controls Rule 9's relaxed

requirement of allowing "malice, intent, knowledge, and other conditions of a person's mind [to]

be alleged generally."  Iqbal, supra.

The subject Complaint is more than a bare recitation of the legal elements of stated

causes of actions as it is more than legal conclusions without factual support.  On the contrary,

the Complaint consists of statements of facts which must be accepted as true and from which

additional inferences should be derived to plausibly suggest that the requested relief may be

granted.  To be sure, Iqbal interpreting Twombly both specifically state that neither Rule 8 nor

9's notice pleading allowances have changed, of which this Honorable Court should,

respectfully, be cautioned from elevating the initial pleading to an impossible pre-discovery trial

burden.

**V.      Argument**

A.      Arbitration Agreement

To the extent this Honorable Court denies Plaintiff's above Motion to Strike, Plaintiff

requests Defendant's Motion to Dismiss pursuant to 12(b)(1) (lack of subject matter jurisdiction)

be denied.

Procedurally, Defendant has not moved this court for stay.  42 Pa. C.S. § 7304.

Defendant has not raised the Federal Arbitration Act ("FAA") regarding the subject arbitration

agreement vis-à-vis this federal proceeding (as well as regarding the federal causes of action).

Id.; 9 U.S.C. § 1, et seq.  Defendant has not moved to sever the federal causes of action (relating

to civil rights and lending) not subject to the arbitration agreement nor applicable to

Pennsylvania's Uniform Arbitration Act ("UAA").  In fact, Defendant's entire discussion of the

complex issue of arbitration let alone to this multi-faceted matter is Defendant's lone citation to

the UAA and paragraph 1 of the Arbitration Agreement, without any case law, the applicable

standard, or even relevant facts.  Defendant's blanket application is *prima facially* lacking, and

should be denied outright.

Under the Uniform Arbitration Act ("UAA"), generally applicable state-law contract

defenses, such as fraud, duress or unconscionability, may be applied to invalidate arbitration

agreements.  Salley v. Option One Mortg. Corp., 592 Pa. 323, 928 A.2d 115 (2007).  Under

common law, a contract or term is unconscionable, and therefore avoidable, where there was a

lack of meaningful choice in the acceptance of the challenged provisions and the provision

unreasonably favors the party asserting it.  Id.  The ultimate determination of unconscionability of a contract is for the courts.  Id.

"The existence of large arbitration costs could preclude a litigant … from effectively vindicating [his…] statutory rights in the arbitral forum."  Green Tree Financial v. Randolph, 531 U.S. 79, 90, 121 S.Ct. 513, 522 (2000).  The Supreme Court has made clear that arbitration is only appropriate "so long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum" allowing the arbitration statute to serve its purposes.  In re Herrington 374 B.R. 133 (BkrtcyE.D.Pa. 2007) (citing Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 28, 111 S.Ct. 1647 (1991)) (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 483 U.S. 614, 637, 105 S.Ct. 3346 (1985))).  Arbitration costs are directly related to a litigant's ability to pursue the claim.  Green Tree, supra.

"Essentially, we have held that an arbitration provision that makes the arbitral forum prohibitively expensive for a weaker party is unconscionable.  "Herrington, at 145 (quoting Parilla v. IAP Worldwide Services, VI, Inc., 368 F.3d 269, 284 (2004) (citing Blair v. Scott Specialty Cases, 2002 WL 1838486 (E.D.Pa. 2002) (the District Court directed the arbitration dismissal movant to pay all arbitration costs)).  "The high cost of arbitration compared with the minimal potential value of individual damages [denies a consumer] plaintiff a meaningful remedy" through arbitration.  Thibodeau v. Comcast Corp., 912 A.2d 874 (Pa.Super. 2006) (quoting McNulty v. H&R Block, 843 A.2d 1267, 1268 (Pa.Super. 2004)).

Notwithstanding that this arbitration provision is an unenforceable contract of adhesion without consideration, the arbitration provision forces plaintiff to pay his own costs for the expensive forum movant selected.  Extra-judicial arbitration's costs for this matter is cost prohibitive – impermissibly precluding plaintiff his right to the claim's vindication while

protecting tortfeasor from liability not by exculpatory evidence but rather merely the cost to proceed in the expensive forum tortfeasor selected.

The arbitration is cost prohibitive for this consumer and civil rights claim.

"Procedural unconscionability" describes the process by which the parties entered into the contract.  Metalized Ceramics for Electronics, Inc. v. Nat'l Ammonia Co., 444 Pa.Super. 238, 663 A.2d 762, 767 (1995) (Olszewski, J. concurring).  It arises when there is an "absence of meaningful choice on the part of one of the parties."  Witmer v. Exxon Corp., 495 Pa. 540, 434 A.2d 1222, 1228 (1981).  Procedural unconscionability is generally found where the agreement is a contract of adhesion.  Alexander v. Anthony Int'l, L.P., 341 F.3d 256, 265 (3d Cir. 2003).

"An adhesion contract is defined as a standard form contract prepared by one party, to be sign by the party in a weaker position [usually] a consumer, who has little choice about the terms."  Gutman v. Baldwin Corp., 2002 WL 32107938 (E.D.Pa. 2002) (quoting Huegel v. Mifflin Construction Co., 796 A.2d 350, 357 (Pa.Super. 2002) (quoting Black's Law Dictionary 7th Ed. 1999)).

"Substantive unconscionability" is found where the terms of an arbitration provision or contract "unreasonably favor" the party with the greater bargaining power.  Witmer, at 1228.

Before concluding that there is a valid contract or contractual provision, a court must "look to: (1) whether both parties manifested an intention to be bound by the agreement; (2) whether the terms of the agreement are sufficiently definite to be enforced; and (3) whether there was consideration."  Gutman, supra. (quoting ATACS Corp. v. Crans World Communications, Inc.,155 F.3d 659, 666 (3d Cir. 1998)).  "In cases where one party's assent has been procured by fraud in the factum, courts treat the agreement as void and legally ineffective."  Giannone v. Ayne Institute, 290 F. Supp. 553 (E.D.Pa. 2003); Resolution Trust Corp. v. Koock, 867 F. Supp.

284, 287 (E.D. Pa. 1994).  Fraud in the factum occurs when "fraud … procures a party's

signature to an instrument without knowledge of its true contents."  <u>Giannone</u>, supra. (quoting

<u>FDIC v. Deglau</u>, 207 F.3d 153, 171 (3d Cir. 2000)).

    If fraud is raised, this Honorable Court must order an evidentiary hearing.  <u>Stern</u>, Supra.;

<u>Szekely v. Abilene Flour Mills Co.</u>, 211 Pa. Super. 442, 237 A.2d 242, 244 (1967).

    The arbitration provision is a contract of adhesion.  No consideration was given separate

from the consideration for the underlying retail installment sale contract.

    The exhibit does not even reference to what it refers or whether it even refers to this

misconduct-it states, "the parties further agree not to commence any suit…upon any claim that is

hereby made subject to arbitration".  What claim is hereby made subject is not known.  Plaintiff

contends it is not this claim.  The arbitration provision does not define and thus, is void as

ambiguous.

    Alternatively, plaintiff requests the evidentiary hearing indicated required above this

entire matter, let alone the arbitration agreement, predicated on defendants' deception.

    Moreover, this action's core does not revolve around the Retail Installment Sale Contract

("RISC"), omitted from Defendant's Motion, but rather Defendant's misrepresentations

surrounding the financing, the failure of ECOA notice, Defendant's retaliation, and Defendant's

civil rights violation – none of those issues are addressed let alone with specificity in

Defendant's Motion.

    Defendant's Motion as to arbitration should be denied.

    B.    <u>UTPCPL</u>

    Citing Pa. R.C.P. 1019(b), Defendant, ironically, claims Plaintiff's failure of specificity.

Pursuant to the <u>Erie</u> doctrine, federal courts adjudicating state law apply federal rules of

procedure to state substantive law.  Defendant fails to cite any rule of federal procedure wherein Defendant could claim insufficiency of specificity.  Moreover, in claiming such defect, Defendant, again, takes out-of-context Plaintiff's Count for Defendant's UTPCPL violation by requesting the Court ignore Plaintiff's statement of facts which are incorporated by reference – Defendant also overlooks federal District Courts' obligations to review the Complaint as a whole and not piece-meal, and that all paragraphs within a pleading are incorporated throughout.

In any event, Plaintiff's Complaint is sufficiently specific.

"The UTPCPL protects consumers of goods and services from unfair or deceptive trade practices or acts.  The purpose of [the UTPCPL] is to "place on more equal terms the seller and consumer.""[3]

"Prior to 1996, the catch-all provision of the CPL prohibited only fraudulent conduct…In 1996, however, the provision was amended to include a prohibition on "deceptive" conduct as well as fraudulent conduct."[4]  By adding the new word "deceptive" in the statute, the 1996 amendment "must have been intended to cover conduct other than fraud."[5]  "The [CPL] is to be liberally construed to effectuate the legislative goal of consumer protection".[6]  "The legislature is presumed to have intended to avoid mere surplusage; thus, whenever possible, courts must construe a statute so as to give effect to every word contained therein."[7]

---

[3] In re Fisher, 320 B.R. 52 (E.D.Pa. 2005) (quoting Com. V. Monumental Properties, Inc., 459 Pa. 450, 329 A.2d 812, 816 (1974)).
[4] Flores v. Shipero & Kreisman, 236 F.Supp. 2d 427 (E.D.Pa 2002); 73 Pa. Stat. §201-2(4)(xxi).
[5] Flores, supra. (citing landmark decision In re Patterson, 263 B.R. 82 (Bankr.E.D.Pa. 2001)).
[6] Com. V. Percudani, 825 A.2d 743 (Pa. Cmwlth. 2003).
[7] Percudani, supra. (quoting Berger v. Rinaldi, 438 Pa. Super., 78, 651 A.2d 553, 557 (1994 (citing Com. ex. rel. Pandolfo v. Pavia Co., 381 Pa. 488, 491, 113 A.2d 224, 226 (1955))).

"The general purpose of the UTPCPL is to protect the public from fraud and unfair deceptive business practices."[8]  A substantial violation of consumer protection laws constitutes per se "fraudulent conduct which creates a likelihood of confusion or of misunderstanding."[9]

Defendants' argument vis-à-vis the UTPCPL requiring common law fraud pleaded pursuant to Rule 9 has been recently considered within the Eastern District, and adjudicated contrarily.  Hansford v. Bank of America, Civ.A.No. 07-4716 (E.D.Pa. August 26, 2008); Shivone v. Washington Mutual Bank, F.A., 2008 U.S. Dist. LEXIS 59212 (E.D.Pa. 2008).

C.    ECOA

*DeSimone financed Plaintiff* not a third-party lender.  In financing Plaintiff then claiming Plaintiff was not financed, DeSimone rejected Plaintiff's application without counter-offer. Plaintiff did not receive a required notice of rejection from DeSimone.  This, is ECOA violative and has been sufficiently pleaded.  15 U.S.C. § 1691(d); 12 C.F.R.§ 202.9(a)(2).

In the alternative, DeSimone advised Plaintiff that Plaintiff was pre-approved for financing.  DeSimone then gave Plaintiff the vehicle contemporaneous with DeSimone's and Plaintiff's execution of the RISC.  Even if DeSimone was not the loan originator (denied), DeSimone advised, confirmed and then ratified that financing which was ultimately rejected without ECOA notice of rejection.  This is ECOA violative.  Id.

ECOA has been sufficiently pleaded.

Defendant's Motion as to ECOA should be denied.

D.    Fraud

Again, Defendant cites Pennsylvania Rules of Procedure (1019)(b) in violation of Erie; Defendant's argument is waived regarding fraud's alleged insufficient specificity.

---

[8] Burke v. Yingling, 446 Pa. Super. 16, 666 A.2d 288, 291 (Pa. Super. 1995).
[9] See 73 P.S.   201-2(4)(xvii); In re Russell, 72 B.R. 855, 871 (Bankr. E.D. Pa. 1987)

In any event, Plaintiff sufficiently pleads fraud pursuant to FRCP 9 consistent with <u>Iqbal</u>.

      E.     <u>Abuse of Process and Malicious Prosecution</u>

Defendant engages a factual analysis outside of the Complaint for which 12(b) precludes. <u>Cruz v. Princeton Ins. Co.</u>, 597 Pa. 67 (2008).

Defendant suggests its initiation of process/prosecution essentially reasonable. Notwithstanding Defendant's argument per Pennsylvania law requires, at the very least, discovery[10], Defendant's argument contrasts Plaintiff's pleaded averments contending Defendant's conduct was for a nefarious purpose (i.e., Defendant's inability to sell **its loan** to an assignee for Defendant's profit) as well as the Complaint averring similarly that Plaintiff was the rightful titleholder fully financed by Defendant for which a claim of theft was improper – *<u>as was determined by the District Attorney's Office and adjudicated by the Court of Common Pleas</u>*. Said another way, because DeSimone over-charged Plaintiff, DeSimone could not sell DeSimone's loan for DeSimone profit therefore inspiring DeSimone to unlawfully effect a collection finalized in a voluntary repossession and thereafter retaliation by initiating prosecution.  To be clear, Plaintiff avers his entitlement to keep the replaced rims because he was the lawful and fully financed owner but, in the event he did not have that right, his was not a theft, as all but Defendant agrees.

In sum, Defendant's victimization of Plaintiff via misrepresentations vis-à-vis pre-approval and loan financing resulting in voluntary repossession and then criminal prosecution should, at the very least, give rise to discovery.

As to Defendant's claim of damages, <u>Cruz</u> (on remand to the Pennsylvania Superior Court from the Supreme Court) expressly states these torts giving rise to a triable issue as to the damages affect of Defendant's perversion of process on an otherwise law-abiding elderly man

---

[10] <u>Id.</u>

who was emotionally devastated by being subjected to criminal prosecution having, by all reasonable accounts, committed no crime.  2009 Pa.Super. LEXIS 64 (2009).

       F.     <u>Prayer for Relief</u>

ECOA, Civil Rights, and UTPCPL allow fee and cost shifting if Plaintiff is ultimately successful. 15 U.S.C. § 1691e(d);  42 U.S.C. §1988(b); 73 P.S. Sec. 203.1, et seq.  FRCP 54(d) additionally allows costs to be recoverable.  UTPCPL allows treble damages.  <u>Schwartz v<b>.</b></u> <u>Rockey</u>, 932 A.2d 885 (Pa. 2007).  UTPCPL, ECOA and § 1983 allow equitable relief, as does federal common law additionally.  <u>French v. Wells Fargo</u>, Civ.A.No. 08-3030 (E.D.Pa. October 28, 2008) (citing <u>Metz v. Quaker Highlands, Inc.</u>, 714 A.2d 447, 449 (Pa.Super. 1998); 15 U.S.C. § 1691e(c). Punitive damages are <u>statutorily</u> available under the ECOA, as well as by common law for state causes of action and all remaining statutory violations including §1983. 15 U.S.C. § 1691e(b); <u>Smith v. Wade</u>, 461 U.S. 30, 103 S. Ct. 1625 (1983).

Defendant's Motion as to Plaintiff's prayer for relief is without basis.

**Wherefore**, Plaintiff requests this Honorable Court deny Defendant's Motion.

                PROCHNIAK WEISBERG, P.C.


                <u>/s/ Matthew B. Weisberg</u>
                Matthew B. Weisberg, Esquire
                Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| James Dickerson | : | |
| 430 W. Manheim Street, Apt. #45A | : | |
| Philadelphia, PA 19144 | : | CIVIL ACTION NO.: 09-1551 |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| DeSimone, Inc. d/b/a | : | |
| DeSimone Auto Group, et al | : | |
| 6101 Frankford Avenue | : | |
| Philadelphia, PA 19153 | : | |
| | : | JURY OF TWELVE (12) JURORS DEMANDED |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 6th of July, 2009, a true and correct copy of the foregoing Plaintiff's response to Defendant, DeSimone's Motion to Dismiss Plaintiff's Complaint was served via ECF, upon the following parties:

Nicole Gerson, Esq.
1420 Walnut St.
Ste. 300
Philadelphia, PA 19102

PROCHNIAK WEISBERG, P.C.

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorneys for Plaintiff