**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| James Dickerson : | |
| 430 W. Manheim Street, Apt. #45A : | |
| Philadelphia, PA 19144 : | CIVIL ACTION NO.: 09-1551 |
|            Plaintiff, : | |
|   v. : | |
| : | |
| DeSimone, Inc. d/b/a : | |
| DeSimone Auto Group, et al : | |
| 6101 Frankford Avenue : | |
| Philadelphia, PA 19153 : | |
| : | |
|            Defendants. : | |

## ORDER

AND NOW, this _____ day of _____, 2009, upon consideration of Plaintiff's Motion for Reconsideration, and any response thereto, it is hereby ORDERED and DECREED that Plaintiff's Motion is GRANTED, and the Order of Dismissal dated August 4, 2009 is VACATED.

**AND IT IS SO ORDERED.**

                                                                       _____
                                                                           ,J.

**PROCHNIAK WEISBERG, P.C.**
BY:  Matthew B. Weisberg
Attorney ID. #85570
7 South Morton Avenue
Morton, PA 19070
(610)690-0801                                                                    Attorney for Plaintiff,
fax (610)690-0880                                                                   James Dickerson

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James Dickerson                                      : | |
| 430 W. Manheim Street, Apt. #45A    : | |
| Philadelphia, PA 19144                           : | CIVIL ACTION NO.: 09-1551 |
|          Plaintiff,        : | |
|    v.                                              : | |
| DeSimone, Inc. d/b/a                               : | |
| DeSimone Auto Group, et al                  : | |
| 6101 Frankford Avenue                         : | |
| Philadelphia, PA 19153                          : | |
|          Defendants.   : | |

### PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER OF DISMISSAL

Incorporating by reference Plaintiff's attached Memorandum of Law, Plaintiff requests this Honorable Court vacate its Order of Dismissal.

WHEREFORE, Plaintiff requests this Honorable Court grant Plaintiff's Motion for Reconsideration.

                                             PROCHNIAK WEISBERG, P.C.

                                             <u>/s/ Matthew B. Weisberg</u>
                                             Matthew B. Weisberg, Esquire
                                             Attorneys for Plaintiff

**PROCHNIAK WEISBERG, P.C.**
BY: Matthew B. Weisberg
Attorney ID. #85570
7 South Morton Avenue
Morton, PA 19070
(610)690-0801                                           Attorney for Plaintiff,
fax (610)690-0880                                              James Dickerson

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James Dickerson : | |
| 430 W. Manheim Street, Apt. #45A : | |
| Philadelphia, PA 19144 : | CIVIL ACTION NO.: 09-1551 |
| Plaintiff, : | |
| v. : | |
| : | |
| DeSimone, Inc. d/b/a : | |
| DeSimone Auto Group, et al : | |
| 6101 Frankford Avenue : | |
| Philadelphia, PA 19153 : | |
| : | |
| Defendants. : | |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER OF DISMISSAL

**I.   Procedural Posture**

Pursuant to Defendant's, DeSimone, Motion(s) to Dismiss (Docket Nos. 3 & 6) ("Motion") and Plaintiff's response in opposition thereto (No. 11), this Honorable Court, upon oral argument (No. 16), entered its Order of Dismissal (No. 15) ("Order") granting Defendant's Motion upon this Honorable Court's Opinion (No. 14) ("Opinion").

Plaintiff's Motion for Reconsideration timely follows.

**II.   Standard**

"A motion to alter or amend a judgment must be filed no later than 10[1] days after the entry of the judgment." FRCP 59(e). For "mistake" or "any other reason that justifies relief,"

---
[1] Intermediate weekends and holidays are excluded. FRCP 6(a)(2).

the Court may grant movant relief from a final judgment and order upon "just terms" filed within a reasonable time no more than a year after the entry of the judgment or order. FRCP 60(b)(1) & (6). A motion for reconsideration may be granted to correct manifest injustice or clear error Choi v Kim, 258 Fed.App'x. 413, 416 (C.A.3 1997).

### III.   Argument

Respectfully requesting reconsideration, this Honorable Court committed an error of law and mistake when it dismissed Plaintiff's Complaint with prejudice without allowing Plaintiff leave to file a curative Amended Complaint.

The Court should freely give leave to amend a Complaint "when justice so requires." FRCP 15(a)(2). The Court should grant Plaintiffs leave to amend their Complaint unless futile or prejudicial *even if not requested*. Adams v Gould, Inc., 739 F.2d 858, 868-870 (C.A.3 1984); Arthur V. Maersk, Inc., 434 F.3d 196, 204-2017 (C.A.3 2006); Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (C.A.3 1993). "Prejudice" is often used as a misnomer – *prejudice* is not defined by the requirement of ongoing litigation or defense but instead results from an inability to defend. Id.

In its Opinion, this Honorable Court dismissed Plaintiff's claims for malicious use of process and abuse of process, with prejudice, without granting Plaintiff requisite leave towards a curative Amended Complaint despite Plaintiff's original Complaint held failed to plead with particularity. In the Opinion:

> The Complaint contains no suggestion that the defendants lied about anything relevant to the police's decision … that the Defendants used falsehood to deprive the police or prosecutors of the intelligent use of their discretion in arresting and prosecuting the plaintiff … because the plaintiff has not pleaded a lack of probable cause to conduct the prosecution … none of these claims would suggest that the Defendants utilized the criminal justice

>system for anything other than its authorized purpose: in this case, securing the return of property claimed to have been stolen, et al.

If granted leave to file an Amended Complaint, Plaintiff will cure the Opinion's held deficiencies. Specifically, Plaintiff will aver, upon information and belief, Defendants lied to the police and the Court of Common Pleas via perjurious testimony and false statements to create plausible grounds for the vehicle's resale to circumvent prospective vehicle purchasers' inquiries vis-à-vis vehicle depreciation arising from the vehicle having been previously used, titled and containing different rims. Said another way, Plaintiff will aver that Defendants' robbed both the police and the Court of Common Pleas of any discretion by defendants creating a foundation for probable cause to arrest and bind over for trial here Plaintiff (there criminal Defendant) so Defendants could claim the vehicle and/or the rims stolen yet returned and replaced, respectively, to avoid depreciation attendant to what would have otherwise be a sold, titled, used, re-titled, and altered vehicle consistent with a prior sale.

In fact, the Court of Common Pleas and the District Attorney's prosecutors found as such by nolle prossing the criminal charges when the vehicle's temporary possession and the original rim's permanent conversion by here Plaintiff were eye-witnessed by Defendants, as they testified, and otherwise uncontested by instant Plaintiff.

It is precisely these deficiencies which this Honorable Court held warranted Plaintiff's causes of action for abuse of process and malicious prosecution's dismissal that the Court of Appeals has instructed District Courts grant leave to amend, even if not requested.

To the extent this Honorable Court does not grant leave to file an Amended Complaint curative of the abuse of process and malicious prosecution Counts, Plaintiff requests the Order of Dismissal be vacated to the extent those Counts are dismissed with prejudice; Plaintiff requests

those counts be dismissed without prejudice, jurisdiction relinquished to the Court of Common Pleas.

Supplemental jurisdiction "**must**" be declined in lieu of adjudicating pendent State law claims unless consideration is provided in affirmative justification otherwise. Borough of West Mifflin v. Lancaster, 45 F.3d 780 (C.A.3 1995) (emphasis added). In adjudicating a peculiar State law question, that analysis should be left to the State Court. Burford v. Sun Oil Co., 319 U.S. 315 (1943); Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25 (1959).

There is no diversity jurisdiction. This Honorable Court's jurisdiction was premised upon Plaintiff's pleaded federal questions, which have since been dismissed. There has been no discovery, scheduling order, nor even a Rule 16 Conference. Abuse of process and malicious prosecution are state law claims best left to the state court in which they originated, especially given their very recent, complex evolution vis-à-vis Cruz, supra., among others.

These state law Counts should be remanded to state court.

Plaintiff requests this Honorable Court's dismissal of Plaintiff's Count for Defendant's ECOA violation to private arbitration.

In holding the ECOA count should be dismissed to private arbitration, this Honorable Court found the arbitration agreement binding: "it is agreed that any controversy arising in connection with this '**contract**' '*may*' be submitted to binding arbitration…" (emphasis and inside quotations added).

Respectfully requesting reconsideration, Plaintiff's claim that Defendant violated ECOA by failing to send Plaintiff an ECOA statutory notice when Defendant rejected Plaintiff's financing do not arise from the sale of the vehicle which is the "contract" subject to the arbitration agreement. Any *contract* that could cause an ECOA violation would be a Retail

Installment Sales Contract ("RISC"), which Defendant (post-argument correspondence to the Court) denies its existence.

At all times, defendant argues that is did not finance the vehicle and that it merely was attempting to obtain financing for Plaintiff. If believed (the contra-standard), Defendant implies that if financing through a third-party creditor were obtained, that third-party creditor and Plaintiff would enter into a RISC. Respectfully requesting reconsideration, in that instance the financing *contract* would not even be between Defendant and Plaintiff but rather third-part creditor and Plaintiff. Thus, even Defendant's precludes a reasonable reading of the arbitration agreement as including ECOA. To the extent there is confusion, the contract is to be construed against its drafter – Defendant.

An ECOA violation would follow from a RISC. Defendant advised the Court no RISC exists. Defendant argues it is not a lender. Defendant drafted the arbitration agreement. Thus, *contract* could not envision the RISC and thus ECOA. By necessary implication, Defendant admits *contract* is the sales agreement from which financing Defendant <u>and</u> Plaintiff contend the ECOA could not have arisen.

Respectfully requesting reconsideration, the Order of Dismissal should be vacated as to ECOA.

Respectfully requesting reconsideration, for the same ambiguities from which the *contract* term analysis gives rise to confusion, so does Defendant's choice of the word "may" instead of "shall." By using *may*, Defendant creates an ambiguity as to arbitration's election causing *may*, similar to *contract* if even not more dispositive, to render the arbitration agreement unenforceable. If the largest subject of this action *may* proceed to arbitration, Plaintiff, utilizing *his* option via *may*, declines.

Involving identical language and worse ambiguity, Cosme requires this Honorable Court's reconsideration of the arbitration agreement. *See*, Cosme v. Durham, Civ.A.No. 07-3153 (E.D.Pa. February 6, 2008).

Respectfully requesting reconsideration, this Honorable Court dismissed Plaintiff's Count Civil Rights *sua sponte*, inappropriately.  Other than an unexpected, brief question at oral argument, this Honorable Court did not grant notice for Plaintiff to argue the Civil Rights Count prior to its dismissal and thus committed error requiring reconsideration.  Moreover, that Count's propriety was uncontested by Defendant when Defendant filed its exhaustive Motion to Dismiss without challenging that claim.

Without more, this Honorable Court should reconsider and vacate its Order of Dismissal as to the civil rights claim as inappropriately *sua sponte*, without due notice and opportunity to respond.

In any event, improper use of the courts, let alone criminal process, has been repeatedly held may (requiring discovery) render there protagonist a civil rights violator:  Grillo v. BA Mortgage, LLC, 2004 WL 2250974 (E.D. Pa. 2004) (not reported) (citing Lugar v. Edmonson Oil Co., 457 US 922, 937, 102 S. Ct. 2744 (1982)); Jordon v. Fox, et al, 20 F.3d 1250 (C.A.3 (Pa) (1994)).

Plaintiff requests reconsideration of the Order of Dismissal of Plaintiff's Count for Civil Rights.  If merely pleading deficient, Plaintiff requests leave to file a curative Amended Complaint as to that Count.

**IV.     Conclusion**

Respectfully requesting reconsideration, this Honorable Court's Order of Dismissal should be vacated.

It should be vacated as to the Counts held subject to the arbitration agreement per that arbitration agreement's ambiguities in *may* and *contract*. Alternatively, the ECOA claim should not be dismissed to arbitration because *contract* does not contemplate a financing agreement such as a Retail Installment Sale Contract as would, or even could, give rise to an ECOA violation.

The Order should be vacated as to abuse of process and malicious prosecution instead granting Plaintiff leave to file an Amended Complaint as the Third Circuit directs. Alternatively, abuse of process and malicious prosecution should be relinquished to the state court.

As to Civil Rights, the Order should be vacated for want of notice and opportunity to be heard, as well as raising that issue *sua sponte* for the first time at oral argument despite Defendant admitting its instant propriety at that stage. Regardless, as Defendant admits, Civil Rights allows discovery. To the extent that Count needs to be better pleaded, Plaintiff additionally requests leave.

WHEREFORE, Plaintiff requests this Honorable Court grant Plaintiff's Motion for Reconsideration.

                                        PROCHNIAK WEISBERG, P.C.

                                        /s/ Matthew B. Weisberg
                                        Matthew B. Weisberg, Esquire
                                        Attorneys for Plaintiff

**PROCHNIAK WEISBERG, P.C.**
BY:  Matthew B. Weisberg
Attorney ID. #85570
7 South Morton Avenue
Morton, PA 19070
(610)690-0801                                                                                                  Attorney for Plaintiff,
fax (610)690-0880                                                                                             James Dickerson

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James Dickerson                                  : | |
| 430 W. Manheim Street, Apt. #45A  : | |
| Philadelphia, PA 19144                        : | CIVIL ACTION NO.: 09-1551 |
|               Plaintiff,  : | |
|   v.                                                  : | |
| DeSimone, Inc. d/b/a                          : | |
| DeSimone Auto Group, et al           : | |
| 6101 Frankford Avenue                    : | |
| Philadelphia, PA 19153                    : | |
|              Defendants.  : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 19th of August, 2009, a true and correct copy of the foregoing Plaintiff's Motion for Reconsideration of Order of Dismissal and Memorandum of Law in support thereof were served via ECF, upon the following parties:

Nicole Gerson, Esq.
1420 Walnut St.
Ste. 300
Philadelphia, PA 19102


PROCHNIAK WEISBERG, P.C.


/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorneys for Plaintiff