**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| | : | |
| JAMES DICKERSON | : | CIVIL ACTION NO.09-1551 |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| vs. | : | |
| | : | |
| DESIMONE, INC. d/b/a DESIMONE AUTO | : | |
| GROUP, RANDY FOREMAN d/b/a DESIMONE | : | |
| AUTO GROUP, ANTHONY WEISS d/b/a | : | |
| DESIMONE AUTO GROUP | : | |
| | : | |
| *Defendants*. | : | |

_____ :

## O R D E R

AND NOW, this         day of                    , 2009, upon consideration of the Plaintiff's,

Motion for Reconsideration, and any response thereto, it is hereby ORDERED and DECREED that

said Motion is DENIED.


**BY THE COURT:**


_____
                                                **J.**

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

———————————————————— :
                                    :
JAMES DICKERSON                     :       CIVIL ACTION NO.09-1551
                                    :
        *Plaintiff,*                :
                                    :
    vs.                             :
                                    :
DESIMONE, INC. d/b/a DESIMONE       :
GROUP, RANDY FOREMAN d/b/a DESIMONE :
AUTO GROUP, ANTHONY WEISS d/b/a     :
DESIMONE AUTO GROUP                 :
                                    :
        *Defendants.*               :
———————————————————— :


### DEFENDANTS' RESPONSE TO
### PLAINTIFF'S MOTION FOR RECONSIDERATION

**I      PROCEDURAL HISTORY:**

On or about April 19, 2009, Plaintiff filed a Complaint in the Eastern District of

Pennsylvania.  Plaintiff recited seven (7) counts against Defendant as follows: Count I, PA Unfair

Trade Practices and Consumer Protection Law; Count II, PA Motor Vehicle Sales Finance Act;

Count III, Equal Credit Opportunity Act; Count IV, Fraudulent Misrepresentation; Count V,

Abuse of Process; Count VI, Malicious Prosecution; and Count VII, Violation of Civil Rights.

Plaintiff brought the Complaint in federal court based upon the federal questions presented by the

Equal Credit Opportunity Act and the Violation of Civil Rights.

On or about May 21, 2009, Defendant filed a Motion to Dismiss because Plaintiff failed to

bring suit pursuant to the Arbitration Agreement.  Defendant also believed that several of

1

Plaintiff's Counts (Unfair Trade Practices Act, Fraudulent Misrepresentation, Abuse of Process, and Malicious Prosecution) failed as a matter of law, regardless of whether the claims were brought in court or pursuant to the Arbitration Agreement; and that Plaintiff should file a more definite statement with respect to the claims under the Motor Vehicle Sales Finance Act and the Equal Credit Opportunity Act.  An oral argument was held before the Honorable Mary A. McLaughlin on August 3, 2009.  Following oral argument, on or about August 5, 2009, Judge McLaughlin issued an Order and Memorandum Compelling the Arbitration and Dismissing the Claims for Abuse of Process, Malicious Prosecution, and, sua sponte, Civil Rights Violation.

Plaintiff filed a Motion for Reconsideration on or about August 19, 2009.

## II.   STATEMENT OF ALLEGATIONS:

Plaintiff was pre-approved for a loan to purchase a new car before he even went to the Defendant's place of business.  On January 12, 2008, Plaintiff went to Defendant, DeSimone, to purchase a car.  He wanted to purchase a 2004 Chevy Silverado for $16,383.05, with no down payment.  After he took the car, for which he believed financing had already been secured, he removed the original tires and chrome alloy spinning wheel rims.

Thereafter, on January 17, 2008, a representative of Defendant, DeSimone, requested a down payment.  On January 22, 2008, Plaintiff, after learning he could not qualify for financing without a down payment, voluntarily returned the Silverado to Defendant, but without the original tires and chrome alloY spinning wheel rims.

Defendant's representative contacted Plaintiff requesting the return of the spinning rims.  On January 24, 2008, Plaintiff was arrested for theft based upon his failure to return the original spinning rims on the Silverado.  He was charged with theft by unlawful taking and receiving stolen

2

property.  After a preliminary hearing, the matter was held for trial.  After four more continuances, the matter was scheduled for a jury trial on January 6, 2009.  At that time, the charges were nolle prossed.

**III    <u>STANDARD OF REVIEW</u>:**

Plaintiff's Motion for Reconsideration is based on F.R.C.P. 60(b), Grounds for Relief from a Final Judgment, Order or Proceeding.  Plaintiff bases the Motion of Rule 60(b)(1) and (6), which states that "the court may relieve a party ... from a final judgment, order... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; or (6) any other reason that justifies relief."  According to Plaintiff, the Court committed an error of law and mistake when the Court dismissed the Complaint without permitting Plaintiff an opportunity to file a "curative Amended Complaint."

Pursuant to Rule 12(b)(1), a Complaint should be dismissed when the Court does not have subject matter jurisdiction.  When the parties have an Agreement to Arbitrate, the Court lack such jurisdiction as the parties have agreed to an alternate forum for settling their disputes.

Pursuant to Rule 12(b)(6), a Complaint should be dismissed when the allegations therein fail to state a claim upon which relief may be granted.  A party fails to state a claim upon which relief may be granted when it is clear on the face of the Complaint, even when viewed in the light most favorable to the Plaintiffs, that "no relief could be granted under any set of facts that could be proved consistent with the allegations."[1]  In deciding a Motion to Dismiss, the court must accept the factual allegations of the Complaint as true and view them in the light most favorable

---

[1] <u>Brown v. Philip Morris,Inc.</u>, 250 F.3d 789, 796 (3d Cir. 2001), citing <u>Hishon v. King and Spalding</u>, 467 US 69 (1984).

to the Plaintiff. [2]

## IV   ARGUMENT:

Defendant stands by its Motion to Dismiss, and, as the Court already possesses a copy of that Motion and heard oral argument on it, will not repeat same here.

### A.   Plaintiff's Motion for Reconsideration is Untimely

Plaintiff filed a Motion for Reconsideration on or about August 19, 2009, pursuant to F.R.C.P. 59(e), which states that "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."  Plaintiff's Motion, is untimely.  The Court Order was entered on August 5, 2009, at which time the case was also marked closed on the docket. The tenth day following the entry of the Court Order would have been Saturday, August 15, 2009.  However, Plaintiff would have had until Monday, August 17, 2009, to file the Motion for Reconsideration.  Plaintiff did not file the Motion for Reconsideration until Wednesday, August 19, 2009.

### B.   The Court Properly Dismissed the Claims for Abuse of Process, Malicious Prosecution and Civil Rights Violation.

Plaintiff now claims that the Complaint could, and should, be amended to add additional allegations that Plaintiff believes would support abuse of process and malicious prosecution claims.  None of these proposed allegations were raised either in Plaintiff's Response to the Motion to Dismiss nor at the oral argument.  According to Plaintiff's Motion for Reconsideration, Defendants lied to the police, and claimed "the vehicle and/or the rims stolen yet returned and replaced, respectively, to avoid depreciation attendant to what would have otherwise be a sold,

---

[2]  Doug Grant, Inc. v. Greater Bay Casino Corp., 232 F.3d. 173, 183 (3d Cir. 2000).

titled, sued, re-titled, and altered vehicle consistent with a prior sale."

Plaintiff, in his initial and verified Complaint, swore that:

1.    he "removed the spinning rims that were installed on the truck replacing them with better quality rims;"[3]

2.    when he returned the Silverado to Defendant, he "forgot to replace the original rims;"[4]

3.    The police came to Plaintiff's home;[5] and

3.    Plaintiff even "showed the officers . . . the rims, but the officers completed the arrest."[6]

Now, it appears that Plaintiff wishes to revise the Complaint to meet the standards listed in the Court's Memorandum by alleging that Defendants lied to the police, claiming the rims were stolen when they had been returned and that Defendants "robbed both the police and the Court of Common Please of any discretion" relating to the arrest and trial of Plaintiff.  Plaintiff now also appears to find an improper purpose for Defendant's filing of the criminal complaint.  According to Plaintiff, Defendants lied to the police "to create plausible grounds for the vehicle's resale..." These proposed new allegations are clearly contradicted by the original verified Complaint. Therefore, Plaintiff should not now be permitted to alter the allegations to suit the claim, when Plaintiff is raising new and contradictory allegations that were not made in either the Complaint or

---

[3] Complaint, paragraph 15.

[4] Complaint, paragraph 25.

[5] Complaint, paragraphs 27.

[6] Complaint, paragraph 28.

5

at oral argument.

Certainly, if new evidence is discovered, there are grounds for relief.  However, Plaintiff has not provided any new evidence.  Plaintiff has only attempted to revise the prior allegations in a way that he believes will satisfy the Court, and enable him to sustain a Motion to Dismiss.  That is not a proper basis for a Motion for Reconsideration.

Plaintiff has also requested that, as an Alternative, the Order be re-issued without prejudice to the dismissed claims, so that he may have a second opportunity to try these issues again in the Pennsylvania State Courts.  This is not possible, since collateral estoppel will apply in this instance, regardless of prejudice.  Plaintiff chose to bring the lawsuit in federal court, and Plaintiff should now he held to abide by its decision.  The issues decided by this court should not be re-litigated in state court solely because Plaintiff is not happy with the results.  Plaintiff is forum shopping.   Plaintiff should be held to the order of the court of his original choice of venue.

WHEREFORE, Defendant respectfully requests this Honorable Court Deny Plaintiff's Motion for Reconsideration.

**C.**    **Count VII, Civil Rights Violation, Fails to State a Claim upon Which Relief Can Be Granted and Was Properly Dismissed.**

Plaintiff argues that the claim for Civil Rights Violation should not have been dismissed because it was not raised in the defendant's Motion to Dismiss, but was raised by the court sua sponte.  The Third Circuit has recognized the right of the District Court to dismiss a Complaint sua sponte.[7]   Therefore, Plaintiff's argument lacks merit.  Defendant agrees with the Court's

---

[7]  Arunga v. AIPAC, 1993 U.S. Dist LEXIS 10304 (E.D.Pa. 1993), citing Bryson v. Brand Insulations, Inc., 621 F.2d 556 (3rd Cir. 1980) - the district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action.  Certain protections, however, are guaranteed the plaintiff.  A court may not

reasoning, as stated in the Memorandum.  Moreover, the Court dismissed the Civil Rights

violation on the basis that there were no allegations, other than those that were dismissed, that

provide a basis for the Plaintiff's claim.  This claim was not dismissed on the basis, alone, that the

defendant could not be a "civil rights violator."

> **D.**   **The Court Properly Dismissed the Remaining Claims, Including the Equal Credit Opportunity Act Based Upon Lack of Jurisdiction Pursuant to the Arbitration Agreement.**

Plaintiff argues that the Court should not have removed the claim for a violation of the

Equal Credit Opportunity Act to arbitration pursuant to the Arbitration Agreement.  Plaintiff

provides two reasons for this.

First, Plaintiff states that the arbitration agreement does not provide mandatory language

for requiring an arbitration.  Plaintiff focuses on the word "may" and believes the contract is

ambiguous.  This issue was not raised either in Plaintiff's Response to Defendant's Motion to

Dismiss, nor at the oral argument.   Moreover, Plaintiff ignores the remaining portion of the

Arbitration Agreement, which states that "This agreement may be presented as a complete

defense to any such litigation" and that "Any party may demand that a dispute or claim be

submitted to arbitration...  Within 30 days of such demand, the other party **shall** name its

arbitrator..." (Emphasis added).  Therefore, there is no ambiguity, and the language is mandatory.

In other words, if both parties agree, the case can proceed to court, but if one party demands

arbitration, both parties are bound to go to arbitration.

---

dismiss a complaint on the pleadings unless no set of facts could be adduced to support the
plaintiff's claim for relief.  In addition, because judgment on the pleadings results in an early
assessment of the merits of plaintiff's action, the plaintiff must be given the safeguard of having all
its allegations taken as true and "all inferences favorable to plaintiff will be drawn..

Second, Plaintiff states that an Equal Credit Opportunity Act only follows the signing of a Retail Installment Contract.  In other words, if there is no Retail Installment Contract, there can be no Equal Credit Opportunity Act violation.  Plaintiff also states that Defendant denies the existence of a Retail Installment Contract, which he is certain is incorrect, since Defendant's violation of the Act is its failure to provide Plaintiff with statutory notice that Defendant rejected Plaintiff's financing.  Plaintiff is trying to prove something in the negative.  However, f there is no Retail Installment Contract, (which Plaintiff has not produced or attached to the Complaint because it does not exist) there cannot be any violation of the Equal Credit Opportunity Act, and the claim should be dismissed, rather than addressed at arbitration.

## V.  **CONCLUSION:**

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion for Reconsideration and Affirm the Order of August 5, 2009, dismissing the claims for Abuse of Process, Malicious Prosecution and Civil Rights Violation, and remanding the remaining claims to common law arbitration, pursuant to the Arbitration Agreement.

**GERSON, CAPEK & VORON**

**By:**_____

**RICHARD L. GERSON, ESQUIRE**
**IDENTIFICATION NO.  08759**
**NICOLE GERSON, ESQUIRE**
**IDENTIFICATION NO. 76186**
**Attorneys for Defendant, DeSimone, Inc.**

**GERSON, CAPEK & VORON**
**1420 Walnut Street**
**Suite 300**
**Philadelphia, PA 19102**
**(215)985-0700**

**Dated: September 17, 2009**