**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| _____ | : | |
| JAMES DICKERSON | : | CIVIL ACTION NO.09-1551 |
| | : | |
| _Plaintiff_, | : | |
| | : | |
| vs. | : | |
| | : | |
| DESIMONE, INC. d/b/a DESIMONE AUTO | : | |
| GROUP, RANDY FOREMAN d/b/a DESIMONE | : | |
| AUTO GROUP, ANTHONY WEISS d/b/a | : | |
| DESIMONE AUTO GROUP | : | |
| | : | |
| _Defendants_. | : | |
| _____ | : | |

# O R D E R

AND NOW, this          day of                              , 20011, upon consideration of the

Defendant's, DeSimone, Inc., Supplemental Motion to Dismiss the Complaint, and any response

thereto, it is hereby ORDERED and DECREED that said Motion is granted.  Counts V (Abuse of

Process), VI (Malicious Prosecution), and VII (Civil Rights Violation), of Plaintiffs' Complaint are

DISMISSED, with prejudice, for failure to state a claim.  This Court is exercising jurisdiction over

Counts V (Abuse of Process) and VI (Malicious Prosecution) in the interest of judicial economy.

**BY THE COURT:**

_____
                                                                        **J.**

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| _____ | : | |
| JAMES DICKERSON | : | CIVIL ACTION NO.09-1551 |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| vs. | : | |
| | : | |
| DESIMONE, INC. d/b/a DESIMONE AUTO | : | |
| GROUP, RANDY FOREMAN d/b/a DESIMONE | : | |
| AUTO GROUP, ANTHONY WEISS d/b/a | : | |
| DESIMONE AUTO GROUP | : | |
| | : | |
| *Defendants.* | : | |
| _____ | : | |

## DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(1),12(b)(6) and 12(e), Defendant,

DeSimone, Inc.,  hereby moves to dismiss the Complaint of Plaintiff, James Dickerson, for the

reasons set forth in the attached Memorandum of Law, which is incorporated herein by reference.

**GERSON, CAPEK & VORON**


**By:**_____
_____ **RICHARD L. GERSON, ESQUIRE**
**Attorney for Defendants**
**IDENTIFICATION NO.  08759**

**GERSON, CAPEK & VORON**
**1420 Walnut Street**
**Suite 300**
**Philadelphia, PA 19102**
**(215)985-0700**

**Dated:**_____

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| JAMES DICKERSON | : | CIVIL ACTION NO.09-1551 MAM |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| vs. | : | |
| | : | |
| DESIMONE, INC. d/b/a DESIMONE | : | |
| GROUP, RANDY FOREMAN d/b/a DESIMONE | : | |
| AUTO GROUP, ANTHONY WEISS d/b/a | : | |
| DESIMONE AUTO GROUP | : | |
| | : | |
| *Defendants.* | : | |
| | : | |

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S, DESIMONE'S, SUPPLEMENTAL MOTION TO DISMISS**

**I.    INTRODUCTION:**

On January 12, 2008, Plaintiff went to Defendant, DeSimone, Inc., to purchase a car.  He wanted to purchase a 2004 Chevy Silverado for $16,383.05.  The Silverado came with specialized tires and chrome alloy spinning wheel rims.  Based upon information provided by Plaintiff, he preliminarily approved for financing, and was permitted to borrow the vehicle pending final financing approval.

Plaintiff changed the original tires and chrome alloy spinning wheel rims, and replaced them with less expensive tires and plain rims.

Final financing could not be provided without a down payment, which Plaintiff was unable to secure.  Therefore, Plaintiff voluntarily returned the vehicle to Defendant, DeSimone, but without the original tires and chrome alloy spinning wheel rims.

1

A representative from DeSimone called Plaintiff to advise him that he returned the car without the original tires and chrome alloy spinning wheel rims and request that they be returned. When he refused to return the original tires and chrome alloy spinning wheel rims, DeSimone filed a report with the Philadelphia police.  Based upon their own investigation, the police arrested Plaintiff, and he was charged with theft by unlawful taking and receiving stolen goods.  Following a preliminary hearing, trial dates were set and continued.  Eventually, for reasons currently unknown to Defendant, the criminal proceeding concluded with a nolle prosse.

To date, the Plaintiff has not returned the original tires and chrome alloy spinning wheel rims to Defendant, nor compensated Defendant for the loss/theft of those original tires and chrome alloy spinning wheel rims.

Plaintiff now seeks to recover from Defendants based upon his failure to obtain financing, as well as the fact that Defendant filed a criminal complaint against the Plaintiff for his theft of the original tires and chrome alloy spinning wheel rims, which Defendant did only after Plaintiff replaced the specialized original tires and chrome alloy spinning wheel rims with cheap rims, and refused to return the original tires and chrome alloy spinning wheel rims to Defendant, even after it was requested.

## II.    PROCEDURAL HISTORY:

Plaintiff recited seven (7) counts in their Complaint.  The District Court previously dismissed Plaintiff's Complaint.  The Court dismissed Counts I (Unfair Trade Practices and Consumer Protection Law), II (Motor Vehicle Sales Finance Act), III (Equal Credit Opportunity Act), and IV (Fraud/Fraudulent Misrepresentation), and ordered that those claims proceed to arbitration pursuant to the arbitration agreement.  The Court also dismissed Counts V (Abuse of

2

Process), VI (Malicious Prosecution) and VII (Civil Rights Violation) for failure to state a claim.

Plaintiff appealed the Court's decision. The Third Circuit agreed with the District Court with regard to the claims dismissed pursuant to the arbitration agreement. The Third Circuit remanded Count VII (Civil Rights Violation) in order to provide the parties with an opportunity to address the issue before the District Court rules upon it. In addition, the Third Circuit remanded Counts V (Abuse of Process) and VI (Malicious Prosecution) to determine whether the District Court should (1) retain jurisdiction over these claims and dismiss them in the interest of judicial economy, convenience and fairness to the parties, (2) dismiss the claims without prejudice so that jurisdiction can be transferred to the state court, or (3) retain jurisdiction and permit Plaintiff to amend these claims.[1]

## III.   STATEMENT OF ALLEGATIONS:

Plaintiff was pre-approved for a loan to purchase a new car before he even went to the Defendant's place of business. On January 12, 2008, Plaintiff went to Defendant, DeSimone, to purchase a car. He wanted to purchase a 2004 Chevy Silverado for $16,383.05, with no down payment. After he took the car, for which he believed financing had already been secured, he removed the original tires and chrome alloy spinning wheel rims and replaced them with what he considered to be better quality rims.

Thereafter, on January 17, 2008, a representative of Defendant, DeSimone, requested a down payment. On January 22, 2008, Plaintiff, after learning he could not qualify for financing without a down payment, voluntarily returned the Silverado to Defendant, but without the

---

[1] This issue of supplemental jurisdiction was not raised in Plaintiff's appeal; therefore, Defendant did not address this issue in the response brief to the Third Circuit.

original tires and chrome allow spinning wheel rims.

Defendant's representative contacted Plaintiff regarding the tires and rims.  On January 24, 2008, Plaintiff was arrested for theft based upon his replacement of the rims on the Silverado. He was charged with theft by unlawful taking and receiving stolen property.  After a preliminary hearing, the matter was held for trial.  After four more continuances, the matter was scheduled for a jury trial on January 6, 2009.  At that time, the charges were nolle prossed.

IV.    **STANDARD OF REVIEW:**

Pursuant to Rule 12(b)(1), a Complaint should be dismissed when the Court does not have subject matter jurisdiction.  When the parties have an Agreement to Arbitrate, the Court lack such jurisdiction as the parties have agreed to an alternate forum for settling their disputes.

Pursuant to Rule 12(b)(6), a Complaint should be dismissed when the allegations therein fail to state a claim upon which relief may be granted.  A party fails to state a claim upon which relief may be granted when it is clear on the face of the Complaint, even when viewed in the light most favorable to the Plaintiffs, that "no relief could be granted under any set of facts that could be proved consistent with the allegations."[2]  In deciding a Motion to Dismiss, the court must accept the factual allegations of the Complaint as true and view them in the light most favorable to the Plaintiff.[3]

Although, as a general rule, "a District Court may not consider matters extraneous to the pleadings, "a document integral to or explicitly relied upon in the Complaint may be considered

---

[2] Brown v. Philip Morris,Inc., 250 F.3d 789, 796 (3d Cir. 2001), citing Hishon v. King and Spalding, 467 US 69 (1984).

[3] Doug Grant, Inc. v. Greater Bay Casino Corp., 232 F.3d 173, 183 (3d Cir. 2000).

4

without converting the Motion to Dismiss into one for Summary Judgment." [4]

While the standard of review requires that all factual allegations in the Complaint be accepted as true, the court "need not accept as true unsupported conclusions and unwarranted inferences." [5]  In other words, the court "is not required to accept legal conclusions either alleged or inferred from the pleaded facts."[6]  More importantly, it is not proper "to assume that the [plaintiff] can prove facts that it has not alleged..."[7]

In sum, in reviewing a Rule 12(b)(6) Motion to Dismiss, the court is required to view the acts in the light most favorable to the Plaintiffs, but is not required, or indeed permitted, to infer from deficiently pled claims an ability by the Plaintiffs to assert a legitimate cause of action. Where the Complaint is deficient in one or more of the requisite legal elements, the Rule 12(b)(6) Motion should be granted.

## V.      ISSUES:

A.      Whether Plaintiff's claim of a civil rights violation should be dismissed for failure to state a claim.

Suggested Answer: Yes

---

[4]  US Express Lines, Ltd. v. Higgins, 281 F.3d. 383, 388 (3d. Cir. 2002 ) (quoting In re: Burlington Coat Factory Sec. Litig", 114 F.3d 1410, 1416 (3d. Cir. 1997)(emphasis in original); See also Pension Benefit Guarantee Corp. v. White Consol. Indus., 998 F.2d. 1192 (3d.Cir. 1993); Ania v. Allstate Insurance Company, 161 F.Supp.2d  424, 431 (E.D.PA 2001).

[5]  Doug Grant, Inc., 232 F.3d. 183, 184 (quoting City of Pittsburgh v. West Penn Power Company, 147 F.3d. 256, 263, n.13 (3d.Cir. 1998)).

[6]  Kost v. Kozakiewicz, 1 F.3d. 176, 183 (3d. Cir. 1993).

[7]  City of Pittsburgh at 272, citing Associated General Contractors of California v. California State Council of Carpenters, 459 US 519, 526 (1983).

B.    Whether the court should exercise supplemental jurisdiction over Plaintiff's claims
for abuse of process and malicious prosecution, and dismiss these claims, with
prejudice, for failure to state a claim.

Suggested Answer: Yes

## VI.    ARGUMENT:

### A.    Count VII, Civil Rights Violation, fails to state a claim upon which relief can be granted.

In Count VII, Plaintiff alleges a violation of his civil rights, and further alleges that in order to "perpetuate their misconduct, defendants clothed themselves with color of state authority through the use of the Philadelphia Police Department, Municipal Court, and Court of Common Pleas." (Complaint, Paragraph 60). This appears to be based upon Defendants' initial complaint to the police, which led to the criminal process against Plaintiff.

In order for Defendant to be capable of a civil rights violation, it must be considered a state actor. Plaintiff did not allege DeSimone was a state actor. Therefore, Plaintiff's complaint must fail.[8] However, even if Plaintiff were to amend his complaint to aver that DeSimone was a state actor, the claim must still fail as a matter of law.

In order to state a claim under §1983, a Plaintiff must prove s/he was deprived of a right by a person "acting under color of state law."[9] When determining whether the conduct of private actors is performed under color of law, the ultimate inquiry is whether there is "such a 'close

---

[8] Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005) - Plaintiff must allege a deprivation of a federal constitutional or statutory right by a state actor in order to state a claim of liability under §1983.

[9] Lawson v. Rite Aid, No. 04-1139, 2006 U.S. Dist. LEXIS 51829 at page 11 (E.D. Pa. July 26, 2006), citing West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed. 2d 40 (1988).

nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"[10]   There are no allegations in this complaint that include misconduct which is fairly attributable to the state.

There are two ways a private actor can be considered a state actor.  The first involves an activity in which the state acts as a joint participant or the state significantly encourages the act.[11]  The second way a private actor can be considered to be a state actor is when the actor "is controlled by the state, performs a function delegated by the state, or is entwined with government policies or management."[12]  DeSimone was not involved in an activity with the state or which the state encouraged.  Furthermore, DeSimone was not controlled by the state, it did not perform a state function, and it was not entwined with government policies or management, nor are there any allegations of same.

"[T]he critical issue . . . is whether the state, through its agents or laws, has established a formal procedure or working relationship that drapes private actors with the power of the state."[13]  "Merely calling the police, furnishing information to the police or communicating with a state official does not . . . transform a private entity into a state actor."[14]

Defendant provided information to the police, which it had the right to do based upon Plaintiff's failure to return the spinning wheels.  The police properly, and on their own,

---

[10] Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005).

[11] Leshko at 340.

[12]Leshko at 340.

[13] Lawson at 12, citing Cruz v. Donnelly, 727 F.2d 79, 82 (3d Cir. 1984).

[14]Lawson at 12, citing Cooper v. Muldoon, No. 05-4780 at 7, 2006 U.S. Dis. LEXIS 23388 (E.D. Pa. Apr. 26, 2006).

investigated the complaint, and arrested Plaintiff **after** determining that Plaintiff did, in fact, possess the spinning wheels, and confirmed those wheels were part of an incomplete sale. (Complaint, paragraph 28).  Thereafter, the court, on its own, found probable cause to prosecute Plaintiff.  Therefore, there is no action by Defendant which can be fairly attributable to the state or any state actor.

WHEREFORE, Defendant respectfully requests this Honorable Court enter an Order striking and dismissing, with prejudice, Plaintiffs' claim for civil rights violation in Count VII of Plaintiff's Complaint.

### B.  This Court Should Retain Supplemental Jurisdiction Over the Remaining Claims for Abuse of Process and Malicious Prosecution

This Court should exercise supplemental/pendent jurisdiction over Counts V (Abuse of Process) and VI (Malicious Prosecution), and those claims should  be dismissed with prejudice, so that Plaintiff cannot re-file these claims in state court.  28 U.S. §1367 ( c)(3), states that "The district courts **may** decline to exercise supplemental jurisdiction over a claim under subsection (a) if - - (3) the district court has dismissed all claims over which it has original jurisdiction..." (Emphasis added).  "The decision to retain or decline jurisdiction over state law claims is discretionary."[15]

 The Supreme Court has been clear that the District Court has discretion to determine, based upon judicial economy, convenience, fairness and comity, whether to exercise jurisdiction

---

[15] Kach v. Hose, 589 F.3d 626 (3d Cir. 2009),citing Annulli v. Pannikar, 200 F.3d 189, 203, (3d Cir. 1999), overruled on other grounds by Rotella v. Wood, 528 U.S. 549, 120 S. Ct. 1075, 145 L.Ed. 1047 (2000).

over remaining state-law claims after the federal claims are dismissed.[16]   However, according to the Third Circuit's decision in the case at bar, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims **unless** considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."[17]   (Emphasis added).   Significantly, the Supreme Court case which is being interpreted by the Third Circuit states that if judicial economy, convenience and fairness to litigants "are not present a federal court **should hesitate** to exercise jurisdiction over state claims. . . [I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims **should** be dismissed as well." (Emphasis added).[18]   However, that decision rests within the discretion of the court.[19]

More recently, the Supreme Court confirmed that '[e]ven if only state-law claims remained after resolution of the federal question, the District Court would have discretion, consistent with Article III, to retain jurisdiction."[20]   The doctrine of supplemental jurisdiction

---

[16] Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L.Ed. 2d 720 (1988) f.7, referencing Rosado v. Wyman, 397 U.S. 397, 403-405, (1970).

[17] Citing Borough of West Mifflin v. Lancaster, 45 F.3d 780 (3d Cir. 1995),which was interpreting United Mine Workers v. Gibbs, 383 U.S. 715, 16 L.Ed.2d 218, 86 S.Ct. 1130 (1951), and citing Lovell Mfg. v. Export-Import Bank of the U.S., 843 F.2d 725 (3d Cir. 1988), Growth Horizons, Inc. v. Delaware County, 983 F.2d 1277 (3d Cir. 1993).

[18] United Mine Workers v. Gibbs, 383 U.S. 715, 726, 16 L.Ed.2d 218, 86 S.Ct. 1130 (1951).

[19] United Mine Workers v. Gibbs, 383 U.S. 715, 16 L.Ed.2d 218, 86 S.Ct. 1130 (1951).

[20] Osborn v. Haley, 549 U.S. 225, 245, 127 S.Ct. 881, 840, 166 L.Ed. 2d 819, 2007 U.S. LEXIS 1323 (2007), referencing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350-351, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988), and United Mine Workers v. Gibbs, 383 U.S. 715, 16 L.Ed.2d 218, 86 S.Ct. 1130 (1951).

"seeks to promote judicial economy, convenience, and fairness to litigants by litigating in one case all claims that arise our of the same nucleus of operative fact.  When a district court exercises its discretion not to hear state claims under §1367( c)(2), the advantages of a single suit are lost."[21]

The Carnegie-Mellon court distinguished between cases which were originally brought in state court and removed to federal court, and those cases that were initially brought in federal court.  A case that was originally brought in state court and removed to federal court could be remanded to state court after the federal claims were dismissed, but a case that is originally brought in federal court must be dismissed if the court chooses not to exercise supplemental jurisdiction.[22]  "Both litigants and States have an interest in the prompt and efficient resolution of controversies based on state law. . . Dismissal of the claim therefore will increase both the expense and the time involved in enforcing state law."[23]  In the case at bar, Plaintiff chose federal court as his forum, and risked dismissal of his claims by a federal court.[24]

Judicial economy in this case is best served by retention of, and determination regarding, the state claims of malicious prosecution and abuse of process.   In the interest of judicial economy, the federal court has the absolute discretion to dismiss state claims for failure to state a claim upon which relief can be granted, rather than relegating the matter to the state courts for

---

[21] Borough of West Mifflin v. Lancaster, 45 F.3d 780 (3d Cir. 1995), interpreting United Mine Workers v. Gibbs, 383 U.S. 715, 16 L.Ed.2d 218, 86 S.Ct. 1130 (1951).

[22] Carnegie-Mellon, supra.

[23] Carnegie-Mellon, supra, at 353, 731-732, 620.

[24] See Annulli v. Panikkar, 200 F.3d 189, 203 (3d Cir. 1999), which stated that the plaintiff and his counsel "knowingly risked dismissal of his pendent claims when they filed suit in federal district court and invoked the Court's discretionary supplemental jurisdiction power."

determination of non-meritorious claims.  There is a distinction between the court's discretion in

dismissing a non-meritorious state claim and the federal court retaining jurisdiction for a trial of a

meritorious state claim without a federal component.  The vast majority of the current case law

involves cases with meritorious claims that are remanded to state court or dismissed without

prejudice.  However, the Third Circuit has upheld the District Court's dismissal of a state claim

after the District Court determined that the remaining state claim did not have any merit and had

dismissed the federal claims.[25]  In the current case, the Court previously determined that the

remaining state claims for abuse of process and malicious prosecution were without merit.

Therefore, these claims should be dismissed with prejudice, rather than burdening the state court

with claims that have previously been held to be non-meritorious.

In the case cited by the Third Circuit, Borough of West Mifflin v. Lancaster, 45 F.3d 780,

789-790 (3d Cir. 1995), the Third Circuit held that the District Court must exercise supplemental

jurisdiction over the state issues, since the court was also exercising jurisdiction over the federal

issues, and all claims arose out of the same incident and course of conduct.  The Court determined

that the claims were not "separate and independent" and therefore, should not result in essentially

identical claims in both state and federal court.  Based upon this same concept, it is in the best

interest of, and most convenient for, the parties to resolve this matter at one time, and in one

forum.  First, a state court action would require additional motions similar to the Motion to

Dismiss filed in Federal Court.  Second, the majority of the claims will be determined by the

---

[25] Mannella v. County of Allegheny, 66 Fed. Appx. 368, 2003 U.S. Appl LEXIS 8714 (3d Cir. 2003), Unpublished Opinion.  In that case, the plaintiff did not dispute the court's substantive conclusion, which is similar to the case at bar, in which Plaintiff, in his appeal, did not argue the merits of the claims for malicious prosecution and abuse of process.

contract mandated arbitration clause, while the abuse of process and malicious prosecution claims would be heard in state court, despite all claims stemming from a common nucleus of facts.[26] Third, it would be unreasonable, burdensome, and expensive to re-litigate these same issues that have already been determined to be without merit.

Finally, this Court has provided a fair forum for both parties to present their case. A hearing was held on the abuse of process and malicious prosecution claims, as well as the submission of written motions. There are no complex issues or issues of first impression that should be determined by the state court.[27] Therefore, comity between the federal and state courts is also not an issue in this matter.

The abuse of process and malicious prosecution claims are not the predominant claims in this case.[28] The predominant claims are the claims that must be tried in the alternative dispute arbitration. Therefore, acquiescing to Plaintiff's request to dismiss these claims without prejudice (so that he may re-file these same claims in state court) would merely cause the parties to re-

---

[26] Borough of West Mifflin v. Lancaster, 45 F.3d 780 (3d Cir. 1995), "the difficulty of avoiding duplicative recoveries is a factor tending to weigh against litigating related federal and state claims in different fora." In the case at bar, the different fora would be the state court and the contractually mandated arbitration.

[27] See Trump Hotels and Casino Resorts, Inc. v. Mirage Resorts, Inc., et al, 140 F.3d 478 (3d Cir. 1998) - supplemental jurisdiction is exercised by the district court as a matter of discretion; "a court may decline to exercise supplemental jurisdiction where 'the claim raises a novel or complex issue of state law.'" Quoting 28 U.S.C. §1367( c)(1). The Trump case involved an alleged violation of the New Jersey state constitution.

[28] See United Mine Workers v. Gibbs, 383 U.S. 715, 16 L.Ed.2d 218, 86 S.Ct. 1130 (1951) - "[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." See also, Borough of West Mifflin v. Lancaster, 45 F.3d 780 (3d Cir. 1995), separating claims between state court and federal should only be invoked "where there is an important countervailing interest to be served by relegating state claims to the state court."

litigate the same issues in the state court system while also litigating the predominant claims in the common law arbitration.  This would not be convenient to the parties, is not in the best interest of judicial economy, does not serve a valid purpose, does not affect comity between the courts, and would still be fair to the parties.  As such, the claims for abuse of process and malicious prosecution should be dismissed, with prejudice.

      1.    **Count V, Abuse of Process, fails to state a claim upon which relief can be granted.**

In Count V, Plaintiff alleges an abuse of process based upon Defendants "filing of the Underlying Action..."  (See Complaint, paragraph 56).   Defendant assumes this "underlying action" involves the criminal charges filed against Plaintiff.

Abuse of process occurs where the defendant: "(1) used a legal process against the plaintiff; (2) primarily to accomplish a purpose for which the process was not designed and (3) harm has been caused to the plaintiff."[29]   Therefore, abuse of process is using the legal process as a tactical weapon to coerce a desired result that is not the legitimate object of the process.[30]  This tort is based upon the "perversion of legal process to benefit someone in achieving a purpose which is not an authorized goal of the procedure in question."[31]

In this situation, Defendant admittedly used a legal process against the plaintiff; however,

---

[29] Cruz v. Princeton Insurance Co., 2009 WL 763389 (Pa. Super. 2009), citing Werner v. Plater-Zyberk, 799 A.2d 776, 785 (Pa. Super. 2002).

[30] Cruz v. Princeton Insurance Co., 2009 WL 763389 (Pa. Super. 2009), citing Werner v. Plater-Zyberk, 799 A.2d 776, 785 (Pa. Super. 2002), citing McGee v. Feege, 517 Pa. 247, 259, 535 A.2d 1020, 1026 (1987); See also Lerner v. Lerner, 2008 Pa. Super. 183, 954 A.2d 1229 (2008), citing Shiner v. Moriarty, 706 A.2d 1228, 1236 (Pa Super. 1998), appeal denied 556 Pa. 711, 729 A.2d 1130 (1998).

[31] Cruz v. Princeton Insurance Co., 2009 WL 763389 (Pa. Super. 2009), citing Werner v. Plater-Zyberk, 799 A.2d 776, 785 (Pa. Super. 2002).

the purpose of the legal process was that for which the process was designed.   Significantly,

DeSimone filed a criminal complaint against Plaintiff after Plaintiff failed to return the vehicle's

original tires and chrome alloy spinning wheel rims, which he had replaced.   As Plaintiff admitted,

he voluntarily returned the vehicle on January 22, 2008, without the original rims.   (See

Complaint, paragraph 24-25).   He received a telephone call that same day regarding the rims.

(See Complaint, paragraph 26).   Defendant requested their return.

Evidently, Plaintiff still failed to return the original tires and chrome alloy spinning wheel

rims, and was arrested two days later for theft of the original tires and chrome alloy spinning

wheel rims.   Therefore, Defendant filed a criminal complaint against Plaintiff for theft of the

original tires and chrome alloy spinning wheel rims after Plaintiff refused to return said rims.   That

was the proper use of the legal process for filing criminal charges for theft.   This was confirmed

when Judge Dugan ordered the Plaintiff to be tried on criminal charges following the preliminary

hearing.

The "underlying action" used the legal process for exactly the purpose it was designed.

If Plaintiff, at any time, returned the original tires and chrome alloy spinning wheel rims, the

charges would have immediately been dropped by Defendants.   Unfortunately, Plaintiff has never

returned the original tires and chrome alloy spinning wheel rims.   The matter was nolle prossed

for reasons unrelated to the legitimacy of the original charges.

Moreover, even if the legal process was not used primarily for the process for which it

was designed, Plaintiff must show harm.   Plaintiff has failed to show harm as a result of the

charges.   He did not even pay legal fees, as he was defended by the public defenders association.

14

###### 2.     Count VI, Malicious Prosecution, fails to state a claim upon which relief can be granted.

In Count VI, Plaintiff alleges malicious prosecution because of the criminal proceeding initiated against Plaintiff, which was nolle prossed.  (See Complaint, paragraph 57).  Plaintiff further stated that the purpose of the criminal proceedings was to intimidate Plaintiff to pay for the Silverado, and that the Plaintiff spent a night in jail, which constituted a seizure.  (See Complaint, paragraph 58).

Pennsylvania law is clear that in order to establish a cause of action for malicious prosecution relating to a criminal prosecution, the plaintiff must prove that the defendant:

1.     Instituted proceedings against the plaintiff;

2.     Without probable cause;

3.     With malice; and

4.     That the proceedings were terminated in favor of the plaintiff.[32]

In the case at bar, it is clear that Defendant did initially report the theft of the original tires and chrome alloy spinning wheel rims to the police.  After that point, it was out of Defendant's control, and the police and Commonwealth of Pennsylvania decided to pursue the action, using Defendant as a witness.

Probable cause is defined as "a reasonable ground of suspicion supported by circumstances sufficient to warrant an ordinary prudent man in the same situation in believing that

---

[32] Corrigan v. Central Tax Bureau of Pa., Inc., et al, 828 A.2d 502 (Pa. Cmwlth. 2003), citing Miller v. Pa. Railroad Co., 371 Pa. 308, 314, 89 A.2d 809, 811-812 (1952); see also, Amicone v. Shoaf, 423 Pa. Super. 281, 620 A.2d 1222 (Pa. Super. 1993), citing Kelley v. General Teamsters, Chauffeurs, and Helpers, Local 249, 518 Pa. 517, 521-512, 544 A.2d 940, 941 (1988); Shelton v. Evans, 292 Pa. Super. 228, 232, 437 A.2d 18, 20 (1981).

the party is guilty of the offense."[33]   Probable cause does not require actual guilt:   If the facts convince a reasonable, honest, intelligent human being that the suspected person is guilty of a criminal offence, that person is justified in launching a criminal investigation.[34]

Defendant can clearly establish that there was probable cause to file said charges.  Plaintiff admitted, in his Complaint (see paragraph 25), that he "forgot to replace the original rims." Plaintiff does not allege anywhere in the Complaint that those original rims were ever returned, because they still have not been returned.  In Amicone, the Appellant was arrested and prosecuted for theft for failing to pay a $2.02 bill at a restaurant, but the  charges were later dismissed. [35]  The court found the existence of probable cause based upon Appellant's initial refusal to pay. Likewise, there is probable cause in this case based upon Plaintiff's own admission that he did not return the original rims, as well as Defendant's obviously reasonable belief that Plaintiff failed to return the car with the original tires and chrome alloy spinning wheel rims.

WHEREFORE, Defendant respectfully requests this Honorable Court enter an Order striking and dismissing, with prejudice, Plaintiffs' claim for abuse of process in Count V of Plaintiffs' Complaint and Plaintiffs' claim for malicious prosecution in Count VI of Plaintiffs' Complaint.

---

[33]  Amicone, supra, 423 Pa. Super 281, citing Miller v. Pennsylvania R.R. Co., 371 Pa. 308, 310, 89 A.2d 809, 811-812 (1952), Accord Kelley v. General Teamsters, 518 Pa. At 523, 544 A.2d 940, 942 (1988).

[34]  Jaindl v. Mohr, et al., 432 Pa. Super. 220, 637 A.2d 1353 (1994), quoting Bruch v. Clark, 352 Pa. Super. 225, 507 A.2d 854, 856 (1986), quoting Neczypor v. Jacobs, 403 Pa. 303, 308, 169 A.2d 528, 531 (1961).

[35]  423 Pa. Super 281, 620 A.2d 1222 (1993).

## VII.   <u>CONCLUSION:</u>

For the foregoing reasons, Defendant respectfully requests that this Court dismiss the

remaining counts of this suit, with prejudice.

**GERSON, CAPEK & VORON**
**By:**_____

**RICHARD L. GERSON, ESQUIRE**
**IDENTIFICATION NO.  08759**
**NICOLE GERSON, ESQUIRE**
**IDENTIFICATION NO. 76186**
**Attorneys for Defendant, DeSimone, Inc.**

**GERSON, CAPEK & VORON**
**1420 Walnut Street**
**Suite 300**
**Philadelphia, PA 19102**
**(215)985-0700**

**Dated:** **February 8, 2011**

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                                      :
JAMES DICKERSON                           :        CIVIL ACTION NO.09-1551
                                                      :
            *Plaintiff*,                          :
                                                      :
            vs.                                     :
                                                      :
DESIMONE, INC. d/b/a DESIMONE AUTO    :
GROUP, RANDY FOREMAN d/b/a DESIMONE :
AUTO GROUP, ANTHONY WEISS d/b/a      :
DESIMONE AUTO GROUP                       :
                                                      :
            *Defendants*.                       :
_____:

**CERTIFICATE OF SERVICE**

    I, Nicole Gerson, hereby certify that a true and correct copy of the within Supplemental Motion to Dismiss, was served on the following via First Class Mail on February 8, 2011 at the following addresses:

        Matthew B. Weisberg, Esquire
        Prochniak Weisberg, P.C.
        7 South Morton Avenue
        Morton, Pa. 19070

                    _____
                    NICOLE GERSON, ESQUIRE
                    GERSON, CAPEK & VORON
                    1420 Walnut Street
                    Suite 300
                    Philadelphia, PA 19102
                    (215)985-0700