```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES DICKERSON                 :    CRIMINAL ACTION
                                :
          v.                    :
                                :
DESIMONE, INC., et al.          :    NO. 09-1551
```

MEMORANDUM

McLaughlin, J.                                      August 1, 2011

      This case involves a failed transaction between the plaintiff and the defendants for the sale of a truck. The plaintiff alleges that after a truck was sold to him, the defendants failed to obtain financing as promised. As a result, the plaintiff returned the truck to the defendants, but without the original rims.

      The plaintiff's claims arise from the actions taken by the defendants, DeSimone Auto Group ("DeSimone"), the general manager Randy Foreman ("Foreman"), and sales representative Anthony Weiss ("Weiss"), in an effort to secure the return of the original rims. The defendants filed a complaint with the Philadelphia Police Department. Criminal charges for theft were ultimately nolle prossed. The plaintiff alleges a violation of his civil rights under 42 U.S.C. § 1983, and state law claims for abuse of process and malicious prosecution. The defendants have moved to dismiss all claims for failure to state a claim. The Court will dismiss the plaintiff's civil rights claim with

prejudice; but will decline to exercise supplemental jurisdiction over the plaintiff's remaining state law claims, and, therefore, will dismiss them without prejudice.

I. <u>Facts Alleged in Complaint</u>

The plaintiff alleges that on January 12, 2008, he received a call from the defendant, DeSimone, informing him that he was pre-approved for financing for a new vehicle. The plaintiff subsequently went to DeSimone and purchased a 2004 Chevy Silverado for $16,383.03, with no money down. The plaintiff took the vehicle home and installed a toolbox in the bed of the truck, and removed and replaced the tires and spinning rims that were originally on the truck. Compl. ¶¶ 10-15.

On or around January 17, 2007, defendant Weiss called the plaintiff at home and asked for a $1,500.00 payment for the truck. The plaintiff told Weiss that he could not make the payment, and Weiss told him to contact his credit union for a cash advance. Around that time, the plaintiff began receiving notices of rejection for various loans applied for in his name by DeSimone, due to the fact that the loans were requested for a greater amount than the value of the truck. Compl. ¶¶ 16-21.

The plaintiff alleges that on January 21, 2008, he believed that DeSimone failed to secure financing on his behalf. On January 22, 2008, the plaintiff voluntarily returned the truck

to DeSimone.  The plaintiff had removed the toolbox, but the plaintiff forgot to replace the original rims.  That day, defendant Foreman called the plaintiff and demanded the return of the rims and accused the plaintiff of vandalism.  Compl. ¶¶ 22-26.

On January 24, 2008, the plaintiff was arrested by the Philadelphia Police Department, and was charged with theft by unlawful taking and receiving stolen property.  After spending a night in jail, he was released on his own recognizance.  On April 24, 2007, the plaintiff appeared for a preliminary hearing at which defendant Foreman testified that he turned over the truck to the plaintiff so that he could obtain his own financing.  The judge ordered the plaintiff to be tried on both charges.  After the trial was delayed several times, the District Attorney's office decided to nolle prosse the charges against the plaintiff.  Compl. ¶¶ 27-42.

II.  <u>Procedural History</u>

The plaintiff filed a complaint on April 13, 2009, alleging that defendants DeSimone, Foreman, and Weiss violated the plaintiff's rights in the sale of the truck and initiation of criminal proceedings against him.  The plaintiff brought claims with respect to the sale of the truck under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, the

Pennsylvania Motor Vehicle Sales Finance Act, and the Federal Equal Credit Opportunity Act.  The plaintiff also brought claims of fraud and fraudulent misrepresentation, abuse of process, malicious prosecution and the violation of the plaintiff's civil rights under 42 U.S.C. § 1983.  The defendants moved to dismiss the case based on an arbitration agreement between the parties.

After oral argument, the Court dismissed most of the claims based on the arbitration agreement.  The Court also dismissed with prejudice the abuse of process, malicious prosecution, and civil rights claim for failure to state a claim.  The plaintiff moved for reconsideration, which was denied.  Although discussed at oral argument, the parties had not briefed the issue of whether the plaintiff failed to state a claim under § 1983.  The plaintiff appealed and the United States Court of Appeals for the Third Circuit remanded the § 1983 civil rights claim to allow the parties the opportunity to brief the issue of whether the complaint fails to state a claim.  See Dickerson v. DeSimone, 400 Fed. Appx. 636, 638 (3d Cir. 2010).  The Third Circuit also remanded the abuse of process and malicious prosecution claims for the Court to consider whether to retain supplemental jurisdiction over these claims if the federal civil rights claim is dismissed.  Id.

III. Analysis

The defendants have filed a Supplemental Motion to Dismiss plaintiff's claims that were remanded by the Court of Appeals pursuant to Fed. R. Civ. P. 12(b)(6).[1] The defendants argue that the plaintiff fails to state a claim for civil rights violations under § 1983 because the defendants were not state actors. The defendants also argue that the Court should retain jurisdiction over the abuse of process and malicious prosecution claims, in the interest of judicial economy, convenience, and fairness, and should dismiss those claims with prejudice for failure to state a claim.

---

[1] Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint should be dismissed when the allegations in the complaint fail to state a claim upon which relief can be granted. The court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). The Supreme Court has stated that "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A. Section 1983

To state a claim under § 1983, a plaintiff must show that the alleged deprivation was committed by a person "acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A private actor may be liable for a deprivation of rights under § 1983 if (1) "the deprivation [was] caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible . . . and (2) the party charged with the deprivation [is] a person who may be fairly said to be a state actor." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

A private actor can be considered a state actor in one of two ways. "The first category involves an activity that is significantly encouraged by the state or in which the state acts as a joint participant." Leshko v. Servis, 423 F.3d 337, 340 (3d Cir. 1984). "Determining state action in such cases requires tracing the activity to its source to see if that source fairly can be said to be the state. The question is whether the fingerprints of the state are on the activity itself." Id. "The second category of cases involves an actor that is controlled by the state, performs a function delegated by the state, or is entwined with government policies or management." Id.

To establish state action, the plaintiff must allege "the existence of a prearranged plan by which the police

6

substituted the judgment of private parties for their own official authority." Cruz v. Donnelly, 727 F.2d 79, 80 (3d Cir. 1984).  "The Third Circuit has concluded that 'the critical issue . . . is whether the state, through its agents or laws, has established a formal procedure or working relationship that drapes private actors with the power of the state." Id. at 82.

The complaint alleges that the defendants "clothed themselves with the color of state authority through the use of the Philadelphia Police Department and Court of Common Pleas." Compl. ¶ 60.  The only activity that could plausibly be involved is the act of the defendants calling the police to report the alleged theft.  The complaint does not allege that the defendants had any sort of agreement or prearranged plan with the police or courts.

"Merely calling the police, furnishing information to the police or communicating with a state official does not . . . transform a private entity into a state actor."  See Lawson v. Rite Aid of Pennsylvania, Inc., 2006 U.S. Dist. LEXIS 51829, at *12 (E.D. Pa. July 26, 2006)(citing Cooper v. Muldoon, 2006 U.S. Dist. LEXIS 23388, at *7 (E.D. Pa. Apr. 26, 2006) (finding that a store security guard who called the police and subdued plaintiff until the police arrived is not a state actor without allegations of a pre-arranged plan).  See also, Moore v. Marketplace Rest., Inc., 754 F.2d 1336, 1352-53 (7th Cir. 1985)(private entity who

simply reported customers to police not state actor); Benavidez v. Gunnell, 722 F.2d 615, 618 (10th Cir. 1983)(private entity who reported crime to state official not state actor); Butler v. Goldblatt Bros., Inc., 589 F.2d 323, 327 (7th Cir. 1979)(private entity who merely furnished information to police not state actor); Caswell v. BJ's Wholesale Co., 5 F. Supp. 2d 312, 318-19 (E.D. Pa. 1998) (private entity who reported possible crime to police not state actor); Dirocco v. Anderson, 655 F. Supp. 594, 598 (E.D. Pa. 1986) (private entity who merely assisted police in investigating suspected shoplifter not state actor).

In Cruz v. Donnelly, an A&P store manager called the police when he suspected the plaintiff, Cruz, of shoplifting. 727 F.2d at 79.  Two police officers arrived at the scene and strip searched the plaintiff.  Cruz subsequently sued the A&P manager and the police officers under § 1983.  The only alleged involvement of the manager was that he accused the plaintiff of shoplifting, ordered the police to strip search the plaintiff, joined the police in mocking Cruz's heritage, and failed to prevent the activity of the police officers.  Id. at 79-80.

The Third Circuit held that the store manager could not be liable under § 1983 unless "(1) the police have a pre-arranged plan with the store, and (2) under the plan, the police will arrest anyone identified as a shoplifter by the store without independently evaluating the presence of probable cause."  Id. at

81.   The Court of Appeals found that there were no allegations or facts showing a prearranged plan that could bring the store manager within the scope of a § 1983 claim.  The allegation that the manager "ordered" the police to conduct a strip search could be construed to "assert the existence of a plan whereby private store employees were substituted as commanding officers for policemen," but the complaint did not assert that the police officers would not have taken the same actions without the manager's requests.  Id.  It was not sufficient that the store manager called the police or even that he "ordered and commanded" the police officers to conduct a strip search.

Similarly, it is not sufficient for liability of the defendants in this case that they called the police alleging theft of the rims.  There is no allegation of a prearranged plan, formal procedure, or working relationship, and there are no alleged facts that would suggest the police did not independently evaluate the presence of probable cause.

The plaintiff points to Watson v. Haverford Twp. Police Dep't, 2011 U.S. Dist. LEXIS 60858 (E.D. Pa. June 6, 2011), to support his argument.  In Watson, the plaintiff alleged that she was cleaning leaves from her property when her neighbor, Pili, called the police to come to her home for the purpose of harassing her.  Pili, formerly employed by Haverford Township, allegedly used his influence and position with the police

department to harass the plaintiff.  Watson was harassed, injured, and arrested by the responding police officers.  The court found Pili liable under § 1983, even though his only act was calling the police.  Id. at *13.

Watson is distinct from the case at hand, and does not support Dickerson's claims.  The court in Watson acknowledged that "merely calling the police, furnishing information to the police, or communication with a state official does not rise to the level of joint action necessary to transform a private entity into a state actor."  Id. at *11 (quoting Cooper, 2006 U.S. Dist. LEXIS 3388 at *2).  However, the complaint "provided additional facts enabling the court to infer the requisite level of collaboration between Defendant Pili and the Haverford police."  Id.  "Ms. Watson has alleged a previous connection between Defendant and local official via his employment with the Township, identified a phone conversation during which Defendant allegedly instructed local police to harass her, and averred that police engaged in unprompted verbal and physical abuse immediately after the first officer on the scene stated that he was there as a result of Ms. Watson's problems with Defendant Pili."  Id. at *13.

In contrast, Dickerson fails to allege any facts that would allow the Court to infer any kind of collaboration between the defendants and the Philadelphia Police Department or Court of

Common Pleas.  The plaintiff must allege that "the state, through its agents or laws, has established a formal procedure or working relationship that drapes private actors with the power of the state."  Cruz, 727 F.2d at 82.  Dickerson fails to do so.  The complaint does not allege that the police or courts had any prearranged plan or prior relationship with the defendants.  It does not allege that the police or courts substituted the defendants' judgment for their own.

The plaintiff requests leave to amend the complaint to allege that the defendants lied to the police and on the witness stand, which precluded the police and courts from exercising their own judgment.  The plaintiff seems to suggest that anytime a private actor lies to the police, he can be liable for civil rights violations under § 1983.  This is not persuasive.

B.  Supplemental Jurisdiction

The plaintiff argues that the Court should decline to exercise supplemental jurisdiction over the remaining malicious prosecution and abuse of process state law claims, if the Court dismisses the plaintiff's § 1983 claim.  The plaintiff requests that these state law claims be dismissed without prejudice.  The defendants argue that the Court should exercise supplemental jurisdiction, and should dismiss the abuse of process and

11

malicious prosecution claims with prejudice for failure to state a claim.

28 U.S.C. § 1367(c) provides that "the district courts may decline to exercise supplemental jurisdiction over a claim . . . if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) <u>the district court has dismissed all claims over which it has original jurisdiction</u>, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." (emphasis added).

The Court declines to exercise jurisdiction over the malicious prosecution and abuse of process state law claims, and they are dismissed without prejudice.  This case is still at the motion to dismiss stage.  Neither judicial economy nor fairness would be promoted by retaining the claims.

An appropriate order shall issue separately.